Allen GREENBERG, Appellant

v.

**FOOD AND DRUG ADMINISTRATION, et al.**

No. 84–5672.

United States Court of Appeals, District of Columbia Circuit.

Argued May 16, 1985.

Decided Oct. 28, 1986.

William B. Schultz, Washington, D.C., with whom Alan B. Morrison and Thomas S. Crane, Washington, D.C., were on the brief, for appellant. Eric R. Glitzenstein, Washington, D.C., entered an appearance for appellant.

Patricia J. Kenney, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., and Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for federal appellees.

Togo D. West, Jr., Washington, D.C., entered an appearance for appellee Technicare Corp.

Before EDWARDS and BORK, Circuit Judges, and WRIGHT, Senior Circuit Judge.

Opinion for the court filed by Senior Circuit Judge J. SKELLY WRIGHT.

Dissenting opinion filed by Circuit Judge BORK.

J. SKELLY WRIGHT, Senior Circuit Judge:

In this case we must determine whether certain documents held by the Food and Drug Administration (FDA) and the Department of Health and Human Services (HHS) are subject to the disclosure demands imposed by the Freedom of Information Act (FOIA). Appellant Allen Greenberg, a staff attorney with the Public Citizen Health Research Group, seeks to compel FDA and HHS to disclose a list of health care facilities that own certain computed axial tomography (CAT) scanners manufactured by appellee Technicare Corporation.[1] Technicare and the FDA resist disclosure of the information on the basis of FOIA Exemption 4, 5 U.S.C. § 552(b)(4) (1982), as containing confidential commercial information. The District Court granted appellees' motion for summary judgment, holding that the list was confidential commercial information. We conclude that the District Court erred in granting summary judgment for the appellees on this record and remand the case for further proceedings.

I. BACKGROUND

On February 11, 1983 Greenberg submitted a FOIA request to FDA seeking documents that would disclose the location of all Delta Scan 2005, 2010, and 2020 model CAT scanners manufactured by Technicare. These CAT scanners are extremely expensive and sophisticated x-ray machines used by many hospitals and other health care providers. Because of the dangerous nature of such machines, the FDA requires that any person who assembles, replaces, or installs one or more components into a CAT scanner submit the name and address of each facility served to the FDA. See 21 C.F.R. § 1020.30(d) (1985). Greenberg, together with the Public Citizen Health Research Group, sought the information to assist in an ongoing investigation of allegations that the scanners involved expose patients to dangerous levels of radiation. They intended to use the information to contact the hospitals directly and to gather information about the machines.

The FDA released the locations of three Technicare CAT scanners that had previously been disclosed by a newspaper article. The agency refused to disclose the remaining locations, however, claiming that the information was exempt from the demands of FOIA as confidential commercial information.[2] Greenberg appealed the

---

1. Technicare, in addition to FDA and HHS, is a party to this action pursuant to 21 C.F.R. § 20.53 (1985). Under that regulation, when a challenge is made to an FDA decision to deny a FOIA request under Exemption 4, the party who submitted the information to the agency is required to defend the exempt status of the information or the agency will consider the claim waived.

2. Because the agency considered such information exempt from FOIA, it noted that it "generally does not create records such as the list at

FDA's decision to the Assistant Secretary of HHS, who affirmed. Greenberg then filed a complaint in the United States District Court for the District of Columbia.

In his complaint Greenberg alleged that the information was not confidential commercial information and consequently was not exempt from the disclosure requirements of FOIA. He filed interrogatories on both Technicare and the FDA. After both defendants had responded to the interrogatories, Technicare moved for summary judgment. It supported its motion with several affidavits. In response Greenberg moved for a 60–day enlargement of time to conduct discovery, together with a supporting Rule 56(f) affidavit, moved to compel Technicare to answer certain contested interrogatories, and filed a second set of discovery requests.

Both Technicare and the FDA opposed the motion to extend the time for discovery. They argued that Greenberg had failed to carry his burden of demonstrating a need for further discovery under Rule 56(f). Further, they opposed his motion to compel discovery on various grounds and moved for an extension of time to respond to the second set of discovery requests until after the District Court had ruled on whether Greenberg had carried his Rule 56(f) burden. The District Court denied Greenberg's motion to compel discovery, granted Technicare's motion for an extension of time to respond to the second discovery request, and directed Greenberg to respond to the summary judgment motion. Greenberg opposed the motion for summary judgment, claiming that there were several contested material issues of fact, and filed a Local Rule 1–9(i) statement of genuine issues. The District Court granted Technicare's motion for summary judgment, holding that there were no material facts at issue. District Court Order filed July 30, 1984 and Memorandum filed August 2, 1985, Joint Appendix (JA) 222, 224–227. Greenberg appealed that decision to this court.

The case was argued before a panel of this court on May 16, 1985. On October 25, 1985 the panel, in a 2–1 decision, affirmed the District Court's decision. Shortly before the opinion issued, however, Judge Tamm, a member of the majority, died. Because he had concurred in the majority opinion before his death, the panel issued the opinion, together with a dissenting opinion. In light of the circumstances, appellant petitioned the court to rehear the case and to appoint a third judge to consider the petition. The court granted the petition, vacated the panel opinions, and appointed a third judge to reconsider the case. We now reverse the District Court's grant of summary judgment and remand this case for further proceedings.

## II. SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure allows either party to a litigation to move for summary judgment before trial. The purpose of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Notes of Advisory Committee on Rules—1963 Amendments. It is hornbook law that if there is no issue of material fact, summary judgment is appropriate. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970); *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). As a threshold matter, the party moving for summary judgment bears the "initial responsibility of informing the district court of the basis for its motion," and of identifying among the affidavits, depositions, and pleadings those elements which it believes demonstrate the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). This does not always require the introduction of supporting affidavits by the moving party. *Id.* It is only *after* the moving

issue * * *. In this case, the document was generated in response to plaintiff's FOIA request." Declaration of Edwin Miller, Jan. 23, 1984, at 3, Joint Appendix (JA) 40.

party has demonstrated the absence of any issue of material fact that the burden shifts to the party opposing the motion to demonstrate that an issue of material fact exists. Fed.R.Civ.P. 56(e); *Adickes, supra,* 398 U.S. at 153, 159–161, 90 S.Ct. at 1609; *First Nat'l Bank, supra,* 391 U.S. at 289, 88 S.Ct. at 1592; *Davis v. Chevy Chase Financial Ltd.,* 667 F.2d 160, 172 (D.C. Cir.1981).

Moreover, because summary judgment is a drastic remedy, courts should grant it with caution so that no person will be deprived of his or her day in court to prove a disputed material factual issue. As the Supreme Court has reminded us, the non-moving party is to be given the benefit of the doubt. On a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in such materials [affidavits, depositions, and exhibits] must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). *See also Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). If the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is improper. *TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. 438, 450, 96 S.Ct. 2126, 2133, 48 L.Ed.2d 757 (1976). *See also Nat'l Ass'n of Gov't Employees v. Campbell,* 593 F.2d 1023, 1027 (D.C. Cir.1978) (record must leave no room for controversy and must demonstrate that nonmoving party would not be entitled to prevail under any discernible circumstances); *Traylor v. Black, Sivalls & Bryson, Inc.,* 189 F.2d 213, 216 (D.C. Cir.1951) (same). As Professor Wright has stated, "[S]ummary judgment will only be granted in clear cases." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2725 at 102 (1983).

## III. Exemption Four

 FOIA Exemption 4 protects from disclosure "commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). Its purpose is to protect persons who submit confidential financial or commercial data from competitive disadvantages that would result from disclosure. *Nat'l Parks & Conservation Ass'n v. Morton,* 498 F.2d 765, 768 (D.C. Cir.1974). Moreover, it is clear that at least in some circumstances customer lists may be considered confidential information protected by the exemption. *See* H.R.Rep. No. 1497, 89th Cong., 2d Sess. 10 (1966) (Exemption 4 may include "business sales statistics, inventories [and] customer lists"). The exemption, however, does not protect *all* financial or commercial data. Indeed, the whole purpose of FOIA is to mandate "a broad philosophy of 'freedom of information.'" S.Rep. No. 813, 89th Cong., 1st Sess. 3 (1965). Exemption 4, then, only protects *confidential* commercial or financial information. *Nat'l Parks & Conservation Ass'n, supra,* 498 F.2d at 766–767. Greenberg does not contest the fact that customer lists constitute "commercial information"; rather, he argues that the lists do not constitute "confidential information."

 In order to assess whether the information is "confidential," the court must determine whether disclosure is likely "(1) to impair the Government's ability to obtain necessary information in the future; or (2) to cause substantial harm to the competitive position of the person from whom the information was obtained." *Id.* at 770 (footnote omitted).

In the present case only the latter inquiry is at issue.[3] Therefore, we must determine whether there was a contested issue of fact over whether disclosure of the requested information would cause "substantial harm to the competitive position"

---

3. FDA regulations require that the information in question be filed with the agency. 21 C.F.R.

§ 1020.30(d) (1985). The first factor is consequently not at issue in this case.

of Technicare. Technicare supported its motion for summary judgment with several detailed affidavits. It argued that disclosure of the customer lists would cause it great competitive harm and that the lists were not available from other sources. Specifically, Technicare's affidavits demonstrated that the market for CAT scanners is small and highly competitive. In 1983 between 600 and 650 units were sold in the United States at an average price of $1 million. Technicare's share of this market is approximately 14 percent. Technicare also argued that the list sought by appellant was particularly sensitive because it contained the names of the owners of older, obsolete models. Those customers were most likely to be in the market for newer models. Such return business, Technicare's affidavits stated, accounted for as much as 40 percent of its yearly business.

In addition, Technicare demonstrated that it considers the lists confidential and spends a great deal of time and money to maintain the confidentiality of the lists. Affidavit of Harry Weiss, January 20, 1984, at 5-7, JA 74-76. Within the company only those upper-level employees with a need to know have access to the lists. Further, the company requires its employees to sign an employment agreement binding them not to reveal any of Technicare's confidential information. Technicare established that its competitors also consider their customer lists to be confidential. *Id.* at 9, JA 78. Although it acknowledged that a partial list could be constructed through other means, such a task, according to Technicare, would be prohibitively expensive.

From this evidence the District Court concluded that Technicare had carried its burden of establishing the absence of any disputed issue as to whether the contested information was confidential. Thus the court concluded that the burden shifted to appellant to come forward with evidentiary affidavits showing the existence of a genuine issue of material fact, *see First Nat'l Bank of Arizona v. Cities Service Co., supra,* 391 U.S. at 288-289, 88 S.Ct. at 1591-92; *Smith v. Saxbe,* 562 F.2d 729, 733-734 (D.C. Cir.1977), or to demonstrate that he was entitled to conduct further discovery pursuant to Rule 56(f).[4] Because the District Court concluded that appellant had failed to carry this burden of production, the court granted Technicare's motion for summary judgment.

Assuming *arguendo* that Technicare carried its initial burden of demonstrating the absence of any material issue of fact, we nonetheless conclude that the District Court erred in finding that appellant had failed to rebut such a showing. Appellant's evidence put at least two material issues in dispute.

First, appellant's evidence indicated that potential CAT scanner purchasers compare different manufacturers' products before making a purchase decision. *See* Affidavit of Jack I. Eisenman, July 17, 1984, JA 216-218; Affidavit of Thomas N. Young, July 18, 1984, JA 219-221. Indeed, given Technicare's other evidence, it stands common sense on its head to suggest that these very expensive machines are purchased without a comparison of different manufacturers' products. Yet if such a practice is common, disclosure may have no effect whatever on Technicare's repeat sales. It could be, for example, that the repeat sales are generally due to the customers' favorable experience with the product or with the servicing of the product or due to more favorable terms that they re-

---

**4.** Appellant challenges the District Court's ruling requiring him to respond to the motion for summary judgment before completing discovery. In appellant's view, he had carried his burden under Rule 56(f) by submitting an affidavit explaining that he could not adequately support his opposition to the motion for summary judgment without further discovery. Appellant argues that in such circumstances, where the facts are within the exclusive control of the party moving for summary judgment, a trial court should allow the nonmoving party an opportunity to complete relevant discovery in order to respond to the summary judgment motion. Appellant argues that the District Court erred in denying him such additional discovery. Because we conclude that appellant carried his burden of opposing the motion for summary judgment, we do not reach the issue whether the denial of additional discovery was appropriate.

ceive from Technicare when they do repeat business with it. Technicare simply introduced no evidence to demonstrate that customer confidentiality, not comparative shopping, underpins its commercial success.[5] Thus whether disclosure is likely to result in substantial harm is clearly a disputed and material fact.

■ Second, Greenberg's affidavits place in dispute the issue whether the information is available by other means. In *Worthington Compressors, Inc. v. Costle*, 662 F.2d 45, 51 (D.C. Cir.1981), we held that when the requested information is available at some cost from an additional source, the court must analyze "(1) the *commercial value* of the requested information, and (2) the *cost of acquiring* the information through other means." (Emphasis in original.) In that case we held that summary judgment was inappropriate because there was a dispute as to the cost of gaining the sought-after information by "reverse engineering" the product in question. Similarly here, where the cost and availability of the information from alternative sources is contested, summary judgment is inappropriate. *See Continental Stock Transfer & Trust Co. v. SEC*, 566 F.2d 373, 375 (2d Cir.1977) (summary judgment inappropriate where "confidential information" publicly available).

■ Appellant's evidence suggested that a customer list could be reconstructed through one of several methods. *See* Affidavit of Sidney M. Wolfe, July 23, 1984, at 3–4, JA 212–213 ("It is a relatively easy matter to obtain from publicly available sources a complete list of radiologists in a given area and to ascertain rather quickly whether each of them now has and/or is interested in acquiring a CT scanner. As for the remaining users * * *, it would be only slightly more difficult * * *."). Indeed, appellant noted that he has already obtained from the FDA a list of all CAT scanners ever installed by all manufacturers. *See* Affidavit of Allen Greenberg, July 23, 1984, at 7–8, JA 181–182. Although such a list obviously differs from the one sought by appellant, when combined with other publicly available information such a list might well provide a close facsimile of the disputed customer list. *See* Affidavit of Sidney M. Wolfe, *supra*, at 2, JA 211 (at least 33 states collect such information and would release it upon demand); *id.* at 3–4, JA 212–213 (complete list of radiologists publicly available). In our view such a showing is enough to rebut Technicare's summary judgment motion and to allow appellant an opportunity to prove the availability of the information through other means.

Given these factual disputes, we conclude that appellant introduced evidence that placed material issues of fact in dispute. As a result, appellant carried his burden of proof and summary judgment was improper.

### IV. LOCAL RULE 1–9(i)

■ Technicare also argues that summary judgment was appropriate because appellant failed to file an adequate Local Rule 1–9(i) statement in response to appellees' motion for summary judgment.[6] Appellant, in turn, charges Technicare with failing to file a proper Rule 1–9(i) statement and claims that his own inability to cite more specific contested factual issues stems from Technicare's failure to comply with the rule.

The purpose of Local Rule 1–9(i) is to isolate "the facts that the parties assert are material, [to] distinguish[ ] disputed

---

5. Moreover, given Technicare's own evidence of a highly competitive market, the court is clearly warranted in presuming that product competition, rather than market imperfections, primarily influences such economic decisions. Therefore, the burden is on Technicare to demonstrate that imperfect information, rather than product competition, is the cause of its commercial success.

6. Rule 1–9(i) provides that a party moving for summary judgment must submit a concise statement of material facts as to which there is no dispute. In addition, the party opposing the motion must submit a concise statement of genuine material issues. United States District Court Rules—District of Columbia, Rule 1–9(i) (1983).

from undisputed facts, and [to] identif[y] the pertinent parts of the record." *Gardels v. CIA,* 637 F.2d 770, 773 (D.C. Cir. 1980). Although this court has held that failure to file a proper Rule 1–9(i) statement may be fatal to a party opposing summary judgment, *see, e.g., Thompson v. Evening Star Newspaper Co.,* 394 F.2d 774, 777 (D.C. Cir.), *cert. denied,* 393 U.S. 884, 89 S.Ct. 194, 21 L.Ed.2d 160 (1968), that determination turns upon a fact-specific evaluation of the statement at issue.

An analysis of appellant's statement, however, demonstrates that it was proper. Appellant has made plain which facts he disputes and directed the court's attention to those portions of the record that support his contentions. Clearly his statement was sufficient to put both the parties and the court on notice of the facts that he contested.

The present case is a far cry from *Tarpley v. Green,* 684 F.2d 1 (D.C. Cir.1982), in which the party opposing summary judgment failed to controvert any of the moving party's specific denials and failed to cite any record evidence. Rather, the party relied upon the complaint itself. Similarly, the nonmoving party in *Gardels v. CIA, supra,* failed to refer to the particular facts that he contested. 637 F.2d at 773. Finally, *Thompson v. Evening Star Newspaper Co., supra,* involved the failure of the party opposing summary judgment to submit any counter-affidavits at all. Rather, the party relied upon the allegations of the amended complaint and, by reference, of his own deposition. 394 F.2d at 777 n. 9. *See also NRM Corp. v. Hercules Inc.,* 758 F.2d 676, 680–681 (D.C. Cir.1985) (summary judgment proper where no mention of issue

or of evidence presented to District Court). *Cf. Smith v. Saxbe,* 562 F.2d 729, 733–734 (D.C. Cir.1977) (summary judgment appropriate where nonmoving party merely relied upon his bare complaint to create issue). In all of these cases summary judgment was proper because the party's Rule 1–9(i) statement failed to put the court on notice as to which facts were contested and what record evidence supported that claim. By contrast, in the present case appellant clearly stated that he contested whether disclosure would result in substantial competitive harm. Moreover, his Rule 1–9(i) statement identified the affidavits in the record that supported his view.[7] Consequently, we hold that appellant's Rule 1–9(i) statement, while not a model of particularity, satisfied the demands of that rule.

## V. Conclusion

Summary judgment is a drastic step which should not be taken lightly. Although useful as a device to resolve cases involving undisputed factual circumstances, courts should be careful not to use the device to resolve factual disputes themselves. Even in this day of crowded court dockets, every litigant with a well-pleaded complaint and contested material issues of fact deserves his or her day in court. Because we find that appellant carried his burden of production by demonstrating several outstanding material issues of fact, we reverse the grant of summary judgment and remand this case for further proceedings.

*Reversed and remanded.*

BORK, Circuit Judge, dissenting:

The majority reverses the district court's grant of summary judgment to the defend-

---

**7.** Although the court in *Gardels* held that wholesale incorporation of affidavits in Rule 1–9(i) statements was impermissible, the statement involved in that case failed to mention the specific facts controverted by the party. *See* 637 F.2d at 773 (purposes of the rule not met when one party "fails in his statement to specify the material facts upon which he relies and merely incorporates entire affidavits and other materials *without reference to the particular facts* recited therein" (emphasis added)). Moreover, even if we were to read *Gardels* to bar incorporation of

affidavits in Rule 1–9(i) statements, it would be patently unfair to apply such a rule to the facts of this case. Greenberg not only objected to Technicare's statement, *see* text at p. 1218 *supra,* but also stated that if the court should disagree with him he would "provide a detailed response, with specific references to his affidavits." Plaintiff's Statement of Genuine Issues at 2, JA 174. Whether or not Greenberg was correct in his objections to Technicare's statement, he certainly was entitled to obtain a ruling on the issue before responding to that statement.

ant. I would uphold the district court's decision, for I can find no genuine issue of material fact about whether the information requested here is "confidential" commercial information within the meaning of the fourth exemption to the FOIA.

As the Supreme Court recently declared, the motion for summary judgment should not be treated as "a disfavored procedural shortcut," for it serves as the principal tool "by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Celotex Corp. v. Catrett,* — U.S. —, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). Although the majority opinion in this case correctly notes that the materials underlying a motion for summary judgment " 'must be viewed in the light most favorable to the party opposing the motion,' " maj. op. at 1216 (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)), the court must not go so far in its generosity to the nonmoving party as to manufacture hypothetical disputes on issues of fact about which no genuine dispute has been shown. Indeed, the Supreme Court has recognized that the nonmoving party is not alone in having a great deal staked on the outcome of such motions:

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Catrett,* 106 S.Ct. at 2555.[1] For this reason, summary judgment can hardly be seen as a "drastic" remedy, maj. op. at 1215, 1219, and its usefulness should not be diminished by straining to find material issues of fact where none exists.

## I.

The focus for this appeal is whether Technicare's admittedly valuable and secret customer list is "confidential" information under FOIA Exemption 4. Under the law of this circuit, the question here reduces to whether disclosure of the list "is likely ... to cause substantial harm to the competitive position of the person from whom the information was obtained." *National Parks & Conservation Association v. Morton,* 498 F.2d 765, 770 (D.C.Cir.1974).

In my view, the record amply demonstrates that disclosure of this customer list is likely to cause substantial harm to Technicare's competitive position. The market for CAT scanners is small and highly competitive. In 1983, only about 650 units were sold in the entire United States, at an average price of $1 million. Technicare's share of this market was approximately 14%. The list sought by appellant Greenberg contains the names of owners of older, obsolete models, who are the most likely customers to be in the market for newer machines. These repeat customers provide more than 40% of Technicare's yearly business.

Technicare showed that it has always taken great pains to keep its customer lists confidential. *See* J.A. at 74–89. Technicare spends a considerable amount of time and money to that end. It spends more than $1 million annually on programs to maintain the secrecy of customer lists and

1. In describing the background law on summary judgment, the majority also emphasizes that the moving party bears the burden of demonstrating the absence of any genuine issue of material fact. *See* maj. op. at 1215. Although this language is not really troublesome in disposing of the case at hand, where the moving party has presented ample evidence to support all points necessary to secure summary judgment, it is misleading insofar as it might be taken to suggest that the moving party must produce *evidence* showing the absence of a genuine issue of material fact even where the nonmoving party bears the burden of proof on that particular issue. The Supreme Court has squarely rejected any such suggestion, explaining that "the burden on the moving party may be discharged by 'showing'—that is, *pointing out* to the District Court—that there is an absence of evidence to support the nonmoving party's case." *Catrett,* 106 S.Ct. at 2554 (emphasis added).

other trade information. Technicare has never made these lists publicly available. Inside the company, the lists are disclosed only to high-level employees with a genuine business need for the information. All employees are required to execute an employment agreement containing a provision binding them not to divulge any of Technicare's confidential business information. Technicare has enforced these contractual commitments by legal action. Indeed, before the instant FOIA request, Technicare successfully brought suit against a former employee and others to enjoin their use of confidential business information, including the names and addresses of Technicare CAT scanner customers—some of the very same information that is at issue here. *See Technicare Corp. v. John E. Murphy, Bridge C.A.T. Scan Associates,* No. 83–C–2966 (E.D.N.Y. Jan. 18, 1984) (consent judgment and order).

Given this evidence, the burden shifted to Greenberg to overcome Technicare's prima facie showing of confidentiality and risk of substantial competitive harm. He could either come forward with evidentiary affidavits showing the existence of a genuine issue of material fact, *see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1591–92, 20 L.Ed.2d 569 (1968); *Smith v. Saxbe,* 562 F.2d 729, 733–34 (D.C.Cir.1977); Fed.R. Civ.P. 56(e), or demonstrate that he was entitled to a continuance to conduct further discovery pursuant to Fed.R.Civ.P. 56(f), *see Smith v. Saxbe,* 562 F.2d at 733. He did neither.

### A.

Under the language of Rule 56(e), Greenberg cannot overcome Technicare's well-pleaded motion for summary judgment and establish that there were genuine material facts at issue unless he sets forth in his opposing affidavits "specific facts" such as "would be admissible in evidence," and made on personal knowledge. Given these requirements, Greenberg's affidavits and other materials fail to put at issue any of Technicare's assumptions. His own affidavit is replete with vague and inadequate assertions of his beliefs that rest on no apparent factual basis. Conclusory statements, such as these, made solely on information and belief, are not sufficient to overcome a properly grounded motion for summary judgment. *See* 6 J. Moore & J. Wicker, *Moore's Federal Practice* ¶ 56.-22[1], at 56–1306 to –1312 (2d ed. 1985); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2738, at 486–89 (2d ed. 1983).

The majority, however, finds that Greenberg's supporting evidence creates a dispute over two material issues. First, the majority reasons that because purchasers often may compare different manufacturers' products before making a purchase decision, this fact creates a genuine dispute about whether disclosure of Technicare's customer list is likely to cause substantial harm to its competitive position. In essence, the majority finds a dispute over whether maintaining the secrecy of this list is of much value to Technicare and whether disclosure of the list would be of much value to its competitors.

It strains credulity to argue that Technicare would go to such enormous trouble and expense to safeguard its customer list if that information were not extremely valuable. Here we are dealing with the release of a comprehensive and up-to-date nationwide list that would allow competitors to develop nationwide strategies. The market is small—Technicare sold less than 100 CAT scanners in 1983—and repeat sales constitute almost half of Technicare's business. If disclosure of this information would remove its competitive advantage with even a small number of these customers, Technicare's position in the market could suffer substantial harm.

This inference is borne out by the practices of others who produce CAT scanners. Technicare's jealous safeguarding of such sensitive information is typical of the participants in this market. In supporting affidavits, Technicare established that its competitors also consider their customer lists to be confidential. They too go to

great lengths and incur great expense to keep the lists secret. *See* J.A. at 78, 90–91, 92.

In light of the uncontroverted evidence, this issue is insufficient to prevent summary judgment. To suppose, in the face of these facts, that disclosure of Technicare's list would not cause substantial harm to the company's competitive position is necessarily to suppose that Technicare and the other members of this industry incur great expense and expend great efforts utterly foolishly, attempting to preserve a confidentiality that is either unimportant or nonexistent. Technicare need not establish that disclosure of the information is *certain* to cause substantial harm to its competitive position; such a rigid standard would destroy the exception for confidential commercial information. It is enough if disclosure would be *likely* to cause substantial harm to its competitive position. *See National Parks*, 498 F.2d at 770. There is no genuine dispute on this issue here.

A closely related issue raised by the majority is whether the information requested is available by other means. If it were, of course, Technicare and its competitors would not go to the trouble and cost they do to keep their lists secret. And appellant would not need this lawsuit to obtain the list. Technicare has acknowledged that competitors can construct partial customer lists through diligent effort; yet the time and expense necessary to compile a comprehensive and reliable list, and of keeping it updated, would be prohibitive. None of the evidence mentioned by the majority contradicts Technicare's comprehensive showing on this point.

The majority points out that Greenberg has already obtained from the FDA a list of all CAT scanners ever installed by all manufacturers. This list differs from the list requested here in that it does not list the manufacturer, the age of the machine, or whether the establishment still maintains CAT scanners. Such a list can hardly be considered to provide essentially the same information as an up-to-date, manufacturer-specific list. The majority also suggests that the list possessed by Greenberg could be combined with other publicly available information, such as lists of hospitals and radiologists, to construct something that "might well provide a close facsimile of the disputed customer list." Maj. op. at 1218. But this approach, if possible at all, would require Greenberg to make successful contact with hundreds of different agencies and thousands of individuals all over the country before he could even begin to approximate a list comparable to the one he has requested from the FDA. Greenberg offers no evidence to the contrary.

The majority also refers to the affidavit of Sidney M. Wolfe, which indicates that thirty-three state governments collect the information at issue here and would release it to the public on demand. This statement does not rebut, and indeed bolsters, Technicare's contention that its customer list is not readily ascertainable by others. To begin with, it suggests that such information is not available in a considerable number of states. None of these sources, moreover, provides a complete list. Therefore, customer lists compiled by this means would require the searcher to expend substantial amounts of time and money to acquire the desired information, and would be only partial lists at best.

We should refuse to adopt a reading of FOIA Exemption 4 that would allow competitors, who ordinarily must expend considerable amounts of time and money to acquire even an extremely incomplete approximation of this list, to benefit from agency disclosure at the expense of the submitters. *Accord Worthington Compressors, Inc. v. Costle*, 662 F.2d 45, 51 (D.C.Cir.1981).[2] Although the majority re-

---

2. The majority's use of *Worthington Compressors* is inapposite. In that case, the court overturned a summary judgment ruling *against* the manufacturers, a ruling that had required *dis-closure* of allegedly confidential commercial information. The appellate court held that the trial court's "key" error was adherence to too narrow a definition of "confidentiality," 662

lies on the case of *Continental Stock Transfer & Trust Co. v. SEC,* 566 F.2d 373 (2d Cir.1977), that case and the situation here are very different. In *Continental Stock,* the court refused to apply the exception for confidential commercial information where "almost all of the information on petitioners' lists already is available to the public." *Id.* at 375. In that case, however, at least 98% of the precise information requested could be obtained by the public from the listings in three identifiable sources that were already compiled and widely distributed (the Financial Stock Guide Service Director of Active Stocks, the CCH Stock Transfer Guide Directory, and Moody's OTC Industrial Manual). *Id.* Here, by contrast, much less of the information requested is available to the public in any form. Such information as is available is not, for the most part, the precise information that has been requested, and considerable time and expense would be necessary to generate up-to-date, manufacturer-specific lists. The time and expense involved would also be greatly magnified because the information requested here is not gathered in a few common sources; it is "available" only by canvassing state and county files and contacting thousands of scattered hospitals and radiologists. *See* J.A. at 183–84, 211–13. Thus, the lists requested here are a far cry from the information that was held to be "available to the public" in *Continental Stock.* The FDA would not be justified in releasing a confidential customer list that would benefit competitors regardless of the ability of their salespersons or the willingness of the company to spend the time, money, and effort to make such an extensive market survey and keep it up to date. Once again, there is no genuine dispute on this issue.

### B.

Greenberg also argues that he was denied adequate discovery to enable him to challenge the summary judgment motion. Under Rule 56(f), a plaintiff can seek a continuance in order to obtain essential discovery before being required to answer a summary judgment motion. The continuance was properly denied, however, because Greenberg failed to make the requisite showing under the rule.

This circuit has found that under Rule 56(f) a request for continuance must be supported by "good reasons for [the movant's] complete inability to produce the evidence necessary to defeat the motion for summary judgment." *Donofrio v. Camp,* 470 F.2d 428, 431 (D.C.Cir.1972); *see Exxon Corp. v. FTC,* 663 F.2d 120, 126–27 (D.C. Cir.1980). The rule was not created to act as "a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Willmar Poultry Co. v. Morton-Norwich Products,* 520 F.2d 289, 297 (8th Cir.1975), *cert. denied,* 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976). The burden under Rule 56(f) requires that

[a] party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the

---

F.2d at 52, one that could create "a potential windfall for competitors to whom valuable information is released under FOIA," *id.* at 51. In sending the case back for trial, the appellate court stressed its concern that summary judgment might be giving competitors "quite a bargain" with "competitive consequences not contemplated as part of FOIA's principal aim of promoting openness in government." *Id.* The *Worthington Compressors* case stands for the proposition that summary judgment requiring disclosure of information is not warranted by the mere fact that "the requested information is available, *at some cost,* from an additional source" without regard to how costly the information would be to obtain. *Id.* (emphasis in original). It does not stand for the proposition that summary judgment barring disclosure of information is never warranted when some of the requested information may be available from additional sources. Where it is clear, as in this case, that the information requested can be obtained from additional sources only partially, and only by expending tremendous amounts of time, money, and effort, the use of summary judgment to bar disclosure is appropriate.

movant's showing of the absence of a genuine issue of fact.

*Willmar Poultry,* 520 F.2d at 297; *accord SEC v. Spence & Green Chemical Co.,* 612 F.2d 896, 901 (5th Cir.1980) ("one must conclusively justify his entitlement to the shelter of rule 56(f) by presenting specific facts explaining the inability to make a substantive response as required by rule 56(e)"), *cert. denied,* 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981). If the court determines that the discovery sought appears irrelevant, or if discovery would be wholly speculative, relief under Rule 56(f) must be denied. *See* 6 J. Moore & J. Wicker, *supra,* ¶ 56.24, at 56–1437 to –1438; 10A C. Wright, A. Miller & M. Kane, *supra,* § 2741, at 558–59; *cf. First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 293–94, 88 S.Ct. 1575, 1594–95, 20 L.Ed.2d 569 (1968).

Rather than presenting factual reasons for needing a continuance, Greenberg made several unsubstantiated assertions. For example, Greenberg stated that he did not

> believe that disclosure of the FDA records containing the locations of Technicare ... [CAT] scanners is likely to cause Technicare any competitive injury whatsoever, and certainly not substantial competitive injury as required to justify withholding under the FOIA.
>
> ... I am not presently prepared to file an opposition to defendant's motion for summary judgment, since I need to obtain certain additional factual information, which is largely in the possession of the defendants.

J.A. at 96. Such conclusory assertions are not acceptable under Rule 56(f). Indeed, "[t]he mere averment of exclusive knowledge or control of the facts by the moving party is not adequate: the opposing party must show to the best of his ability what facts are within the movant's exclusive knowledge or control." 6 J. Moore & J. Wicker, *supra,* ¶ 56.24, at 56–1432; *see Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97, 107 (2d Cir.1981); 10A C. Wright, A. Miller & M. Kane, *supra,* § 2741, at 548. Greenberg has failed to show the court that any of his unanswered discovery requests, if answered, would lead to admissible facts pertinent to a genuine issue. Greenberg further contends that he was denied the opportunity to depose Technicare's affiants. This assertion is without merit since he never sought this discovery. The only indication that he might be interested in this procedure came not in a deposition request but rather in an offhand comment in the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Extension of Time, which stated, "plaintiff *may* also wish to depose one or more of Technicare's affiants." J.A. at 99 (emphasis added). No actual attempt to depose Technicare's affiants was made. All other questions were completely answered by Technicare. Greenberg, therefore, has completely failed to show that he was denied discovery to which he was entitled.[3]

## II.

Technicare also notes that the district court's grant of summary judgment can be upheld simply on the basis of Greenberg's failure to meet the local pleading rules. To overcome Technicare's motion for summary judgment and establish a genuine issue of material fact, Greenberg filed a Statement

---

3. In objecting to Greenberg's Rule 56(f) motion, Technicare also demonstrated that further discovery had the potential for abuse of the discovery process. J.A. at 116, 122–26. In essence, Greenberg has failed to distinguish between the "comparatively limited discovery for the purpose of showing facts sufficient to withstand a summary judgment motion, rather than Rule 26, which provides for broad pretrial discovery." *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 265, 88 S.Ct. 1575,

1581, 20 L.Ed.2d 569 (1968). Greenberg made his FOIA request to assist in his investigation of the hazardous health effects from use of Technicare CAT scanners. A review of his discovery requests shows that most of them were for information to further this investigation—information that has no bearing on the present action to determine whether the customer list could be protected from disclosure under Exemption 4.

of Genuine Issues, as required by Rule 1–9(i) of the United States District Court Rules for the District of Columbia. That statement did not comply with the rule, which provides in relevant part:

> A party opposing such a motion shall serve and file, together with his opposing statement of points and authorities, a concise "statement of genuine issues" setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, and shall include therein references to the parts of the record relied on to support such statement. In determining a motion for summary judgment, the court may assume that the facts as claimed by the moving party in his statement of material facts are admitted to exist except as and to the extent that such facts are controverted in a statement filed in opposition to the motion.

United States District Court Rules—District of Columbia, Rule 1–9(i) (1983). The only issue propounded by Greenberg in his Rule 1–9(i) statement is whether "[d]isclosure of the FDA list would cause Technicare to suffer substantial competitive injury." J.A. at 173. Greenberg failed, however, to provide specific references to the record; instead he stated, "plaintiff disputes that fact for the reasons set forth in the accompanying affidavits ... and explained more fully in plaintiff's accompanying memorandum." *Id.*

Failure to file a proper Rule 1–9(i) statement in opposing a motion for summary judgment may be fatal to the delinquent party's position. *See Tarpley v. Greene,* 684 F.2d 1, 6–7 (D.C.Cir.1982); *Gardels v. CIA,* 637 F.2d 770, 773 (D.C.Cir.1980); *Thompson v. Evening Star Newspaper Co.,* 394 F.2d 774, 776–77 & n. 9 (D.C.Cir.), *cert. denied,* 393 U.S. 884, 89 S.Ct. 194, 31 L.Ed.2d 160 (1968). In *Gardels,* this court outlined the reasons for strict compliance with the rule:

> Requiring strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes. The moving party's statement specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes support his statement. The opponent then has the opportunity to respond by filing a counter-statement and affidavits showing genuine factual issues. The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record. These purposes clearly are not served when one party, particularly the moving party, fails in his statement to specify the material facts upon which he relies and *merely incorporates entire affidavits and other materials without reference to the particular facts recited therein which support his view that no genuine issues of material fact exist.*

637 F.2d at 773 (emphasis added). Although Greenberg did formulate one issue that he claimed was in dispute, his incorporation of whole affidavits and other materials by reference does not satisfy the rule.

Finally, Greenberg cannot excuse his failure to comply with Rule 1–9(i) merely by alleging that Technicare's statement filed under the rule was also defective. Greenberg claims that "[t]he statement and its individual paragraphs are extremely lengthy; they are filled with assertions as to which there is plainly no consensus; and they contain conclusions that are unsupported by objective facts." Brief of Appellant at 19. I would disagree. Technicare's statement follows the rule by noting the facts it believes are not at issue, and by providing specific references to the parts of the record that support its view of the facts.

Moreover, to the extent Greenberg took issue with Technicare's statement, he was under an affirmative duty under the rule to oppose those statements with a "concise

'statement of general issues' setting forth all material facts as to which it is contended there exists a genuine issue," and with specific "references to the parts of the record relied on." Rule 1–9(i). Greenberg failed to meet this duty. His statement that he would "provide a detailed response, with specific references to his affidavits" only if the district court disagreed with his view that Technicare's statement was defective, J.A. at 174, is a manifest evasion of his obligations under the rule. The grant of summary judgment for Technicare was proper on this ground alone.