**UNITED STATES of America, Plaintiff,**

v.

**PHILIP MORRIS USA, INC., f/k/a Philip Morris, Inc. et al., Defendants.**

**Civ.A. No. 99–2496(GK).**

United States District Court, District of Columbia.

May 28, 2004.

Sharon Yvette Eubanks, Renee Brooker, Civil Division, Stephen Dudley Brody, Tobacco Litigation Team, U.S. Department of Justice, Washington, DC, for Plaintiff.

Alfred McDonnell, Arnold & Porter, Denver, CO, Amy L. McGinnis, Amy Elizabeth Ralph, Anne McBride Walker, Duane J. Mauney, Floyd E. Boone, Jr., James Miller Rosenthal, Jeanna Maria Beck, Jonathan Louis Stern, Kendall Millard, Kevin M. Green, Leslie Wharton, Melissa L. Marglous, Michael R. Geske, Murray R. Garnick, Nick Malhotra, Peter Thomas Grossi, Jr., Ryan David Guilds, Sharma Jnatel Simmons, Sharon L. Taylor, Stacy J. Pollock, Susan Louise Lyndrup, Brian K. Esser, Arnold & Porter, LLP, Washington, DC, Christopher J. Cullen, Jane E. Chang, Jay L. Levine, Matthew Campbell, Thomas M. Stimson, Robert M. Rader, Timothy M. Broas, Winston & Strawn LLP, Geoffrey T. Wright, Jonathan Redgrave, Patrick L. Hubbard, Paul Sommer Ryerson, Peter John Biersteker, Robert Francis McDermott, Jr., Karen O'Brien Hourigan, Jones Day, John Buchanan Williams, William M. Bailey, Collier Shan-

non Scott, PLLC, David Mendelson, Dawn D. Marchant, Karen McCartan DeSantis, William Charles Hendricks, III, Kenneth N. Bass, Kirkland & Ellis LLP, Rebecca I. Ruby, Goodwin Procter, LLP, Edward Craig Schmidt, Matthew David Schwartz, Thompson Coburn, LLP, Fred W. Reinke, Clifford Chance US, LLP, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, William Salvatore D'Amico, Chadbourne & Parke, Lawrence Saul Robbins, Roy T. Englert, Jr., Arnon D. Siegel, Robbins, Russell, Englert, Orseck & Untereiner, Bruce G. Merritt, Judah Best, Kevin C. Lombardi, Steven Klugman, Debevoise & Plimpton, Ely Clausen Jr., James Alexander Goold, Joseph A. Kresse, Keith Allen Teel, Covington & Burling, Washington, DC, Cindy L. Gantnier, Erik D. Nadolink, Patricia M. Schwarzschild, Richard H. Burton, Cheryl Grissom Ragsdale, Christy L. Henderson, Michele B. Scarponi, Jason T. Jacoby, Hunton & Williams, Richmond, VA, Daniel C. Jordan, Hunton & Williams, McLean, VA, Ben M. Germana, Herbert M. Wachtell, Jeffrey M. Wintner, Steven M. Barna, Wachtell, Lipton, Rosen & Katz, Lauren J. Bernstein, Winston & Strawn, C. Ian Anderson, Davis, Polk & Wardwell, James Lewis Brochin, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, Harold K. Gordon, Jones, Day, Reavis & Pogue, Aaron H. Marks, Daniel R. Benson, Julie R. Fischer, Leonard A. Feiwus, Marc E. Kasowitz, Nancy E. Straub, Kasowitz, Benson, Torres Friedman, L.L.P., Demetra Frawley, Mary Elizabeth McGarry, Michael V. Corrigan, Simpson Thacher & Bartlett, Bruce G. Sheffler, David L. Wallace, F. John Nyhan, Garyowen P. Morrisroe, Jessica L. Zellner, Timothy M. Hughes, Lawrence Edward Savell, Chadbouren & Parke, LLP, David Runtz, Dennis H. Hranitzky, Joseph P. Moodhe, Steven S. Michaels, Debevoise & Plimpton LLP, New York, NY, Seth Barrett Tillman, U.S. Courthouse, Chambers of Judge William J. Martini, Newark, NJ, David B. Alden, Paul Crist, Randal S. Baringer, Robert C. Weber, Jones, Day, Reavis & Pogue, Cleveland, OH, Elizabeth P. Kessler, Ivan C. Smith, Scott C. Walker, Jones, Day, Reavis & Pogue, Columbus, OH, Lisa M. Sheppard, Womble, Carlyle, Sandridge & Rice, PLLC, Winston–Salem, NC, Nicholas N. Nierengarten, Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, MN, Dan H. Willoughby, Leign Ann Dowden, King & Spalding, Ashley Cummings, Hunton & Williams, Atlanta, GA, Bradley E. Lerman, Dan K. Webb, Elizabeth D. Jensen, Jeffrey Wagner, Kevin J. Narko, Luke A. Palese, Ricardo E. Ugarte, Thomas J. Frederick, Winston & Strawn, David M. Bernick, Douglas G. Smith, Michelle H. Browdy, Stephen R. Patton, Steven D. McCormick, Kirkland & Ellis, Chicago, IL, Paul Lamont McDonald, Philadelphia, PA, Richard P. Cassetta, Bruce D. Ryder, J. William Newbold, James M. Cox, Michael B. Minton, Richard Paul Cassetta, Richard P. Cassetta, Thompson Coburn, LLP, St. Louis, MO, Paige Q. Szajnuk, Thomas A. Duncan, Shook, Hardy & Bacon, Kansas City, MO, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

KESSLER, District Judge.

This matter is now before the Court on the Motion of British American Tobacco (Investments) Limited ("BATCo") for Summary Judgment ("Motion"). Upon consideration of the Motion, the Government's Opposition, the Reply and the entire record herein, and for the reasons stated below, the Motion is **denied**.

### I. BACKGROUND

Plaintiff, the United States of America (the "Government") has brought this suit

against the Defendants[1] pursuant to Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.[2] Defendants are manufacturers of cigarettes and other tobacco-related entities. The Government seeks injunctive relief and disgorgement of $280 billion dollars[3] of ill-gotten gains for what it alleges to be Defendants' unlawful conspiracy to deceive the American public. The Government's Amended Complaint describes a four-decade long conspiracy, dating from at least 1953, to intentionally and willfully deceive and mislead the American public about, among other things, the harmful nature of tobacco products, the addictive nature of nicotine, and the possibility of manufacturing safer and less addictive tobacco products. Amended Complaint ("Am.Compl.") at ¶ 3.

One of the Defendants, BATCo, is a British corporation. It sells State Express 555 brand of cigarettes in the United States, and historically has always held a very small share of the United States mar-ket (never more than .06%). Until 1979, Brown & Williamson ("B & W") was a subsidiary of BATCo. In a corporate reorganization in 1979, BATCo relinquished ownership of B & W and became its affiliate.

## II. ANALYSIS

Defendant BATCo seeks summary judgment on all claims against it on the grounds that the Government cannot establish BATCo's liability under either Sections 1962(c) or (d) of RICO.[4] Section 1962(c) liability attaches to one who "participate[s] in the operation *or* management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993) (emphasis in original). Under Section 1962(d), it is "unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section." 18 U.S.C. § 1962(d). BATCo argues that there is no evidence either connecting it to the "operation or management" of the RICO enterprise or

---

1. Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research–U.S.A., Inc., The Tobacco Institute, Inc., and The Liggett Group, Inc.

2. The Complaint originally contained four claims under three statutes. On September 28, 2000, the Court dismissed Count One (pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651, et seq.) and Count Two (pursuant to the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(B)(ii) & (iii)). *See United States v. Philip Morris*, 116 F.Supp.2d 131 (D.D.C.2000).

3. As a result of corrections made to the Youth Addicted Population and the resulting pro-ceeds' calculation, the amount of disgorgement sought by the Government is $280 billion, rather than the $289 billion initially identified in the United States' Preliminary Proposed Conclusions of Law. *See* United States' Mem. of Points and Authorities in Opp. To Defs.' Mot. for Partial Sum. J. Dismissing Govt's Disgorgement Claim, at 1.

4. The relevant provisions of Section 1962 state as follows:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section.

18 U.S.C. §§ 1962(c)–(d).

demonstrating a knowing agreement that it embraced the objectives of the alleged conspiracy. *See* Motion, at 3–4. In addition, BATCo argues that the claims against it must be dismissed because they are based on its relationship with B & W and, as a matter of law, affiliates cannot conspire with each other. *Id.* at 22.

In turn, the Government asserts that there is substantial evidence of BATCo's participation in and benefit from the conspiracy. *See* Govt's Opp'n. at 5–7. In particular, the Government argues that BATCo participated in the "operation or management of the Enterprise" by supporting its scheme to defraud the public. *Id.* In addition, the Government argues that BATCo can and did conspire with B & W, as well as the other Defendants. *See id.* at 21.

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505; *see Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C.Cir.1989).

Additionally, "if the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is improper." *Greenberg v. FDA*, 803 F.2d 1213, 1216 (D.C.Cir. 1986). At the summary judgment stage, "the court is not to make credibility determinations or weigh the evidence." *Dunaway v. Int'l Bhd. of Teamsters*, 310 F.3d 758, 761 (D.C.Cir.2002).

### B. There Are Material Facts in Dispute About Whether and To What Extent BATCo Participated in the Operation or Management of the Alleged RICO Enterprise or Conspired To Do So

First, BATCo argues that the Government's claims as to its liability under Sections 1962(c) must fail as a matter of law because the Government has failed to present any evidence that it participated in the operation or management of the alleged RICO enterprise. *See* Motion at 7; *Reves*, 507 U.S., at 179, 113 S.Ct. 1163 (showing of "operation or management" of the RICO enterprise requires proof [of] "some part in directing [the Enterprise's] affairs").

In particular, BATCo notes that it did not attend the December 1953 meeting of cigarette company executives at which, according to the Government, the alleged enterprise was conceived, and it did not sign the "Frank Statement" advertisement which, according to the Government, began the alleged scheme to defraud to the American public. *See* Motion, at 10. In addition, BATCo points out that it was never a member, or represented on the board or management, of either CTR or TI, entities which the Government alleges coordinated the operation and direction of the enterprise. *Id.* at 11. Finally, BATCo argues that, because it never had more than a .06% market share in the United States and because its primary business interests have always been outside the

United States, it had neither the means nor the motive to participate in the "operation or management" of an enterprise whose goal was to affect the U.S. market. *Id.*

The Government, in its Opposition, demonstrates that there are numerous material issues in dispute about whether BATCo participated in the "operation or management" of the alleged enterprise. For example, while BATCo asserts that it was not an official member of CTR or TI, the Government claims BATCo created and/or joined other related organizations, such as the International Tobacco Information Center ("INFOTAB") and the Tobacco Research Council ("TRC"), in order to conceal, suppress, and destroy information that might adversely affect the enterprise's interests. *See* Govt's Opp'n. at 7.

In addition, according to the Government, despite BATCo's small share of the United States market, it had a significant economic interest in the enterprise because its activities would enhance the position of the tobacco industry generally, as well as its affiliate, B & W, in particular. *Id.* at 5. The Government argues that global coordination was essential for many reasons including the concern that "any adverse action or result in litigation, regulation, or legislation anywhere else in the world could lead to a 'domino effect' in other countries." *Id.* at 5. Thus, it is clear that the Government's description of BATCo's economic interest stands in stark contrast to its own assertion that it lacked the motive or means to participate in the operation or management of the enterprise.

Second, BATCo argues that liability under Section 1962(d) must fail because the Government cannot show that it conspired with anyone to violate Section 1962(c).

*See* BATCo's Obj., at 14. BATCo asserts that there is no evidence that it agreed with any of the Defendants to embrace the objectives of the conspiracy. *Id.* at 15. In fact, BATCo asserts that the claims against it are premised solely on its relationship with its affiliate, B & W, and its implementation of normal document management policies, which the Government alleges were in furtherance of the RICO enterprise. With respect to the former, BATCo claims that it communicated with B & W only in the "normal course of business." *Id.* at 17, 23. With respect to the latter, BATCo argues that the Government cannot prove that its document management policy was fraudulent, unreasonable, or instituted in bad faith. *Id.* Based on these assertions, BATCo argues that the Government cannot meet its burden of showing any agreement to conspire to violate Section 1962(c).

However, the Government argues that there is substantial circumstantial evidence that BATCo embraced the objectives of the conspiracy by: (1) fraudulently denying the adverse health effects of smoking; (2) concealing and destroying documents connecting smoking and adverse health effects; (3) working with the enterprise to perpetuate the myth of independent smoking and health research; and (4) making fraudulent representations regarding low tar cigarettes. *See* Govt's Opp'n., at 8–11.

The foregoing recitation of the parties' positions makes it eminently clear that there are numerous disputes about material facts, and about the inferences and interpretations to be drawn from those facts, which can only be resolved at trial. Consequently, summary judgment is inappropriate.[5]

---

**5.** Courts have traditionally held that questions of credibility, motive, and intent, particularly fraudulent motive and intent, are ill-suited for summary judgment and are best left to "be resolved by the fact finder after a trial." *Citizens Bank of Clearwater v. Hunt,* 927 F.2d

## III. CONCLUSION

For all the foregoing reasons, Defendant BATCo is not entitled to summary judgment on the claims against it, and its Motion is **denied**.

An **Order** will accompany this opinion.

### ORDER # 556

This matter is now before the Court on British American Tobacco (Investments) Limited's ("BATCo") Motion for Summary Judgment ("Motion"). Upon consideration of the Motion, the Opposition, the Reply, and the entire record herein, and for the reasons set forth in the accompanying Memorandum Opinion, Defendant BATCo's Motion is **denied**.

707, 711 (2d Cir.1991);  *See Greenberg, supra;  ABB Daimler–Benz Transport. (N. Amer.), Inc.*  *v. Nat'l RR Passenger Corp.,* 14 F.Supp.2d 75, 86 (D.D.C.1998).