**UNITED STATES of America, Plaintiff,**

v.

**PHILIP MORRIS USA., f/k/a Philip Morris, Inc. et al. Defendants.**

**No. CIV.A.99–2496(GK).**

United States District Court, District of Columbia.

April 7, 2004.

Stephen Dudley Brody, U.S. Department of Justice, Tobacco Litigation Team, Washington, DC, Renee Brooker, U.S. Department of Justice Civil Division, Washington, Sharon Yvette Eubanks, U.S. Department of Justice, J. Patrick Glynn, U.S. Department of Justice, Washington, DC, for United States of America, Plaintiff.

David Charles Shonka, Federal Trade Commission, Office of General Counsel, Washington, DC, for Federal Trade Commission, Movant.

David B. Alden, Randal S. Baringer, Paul Crist, Robert C. Weber, Jones, Day, Reavis & Pogue, Cleveland, OH, William M. Bailey, John Buchanan Williams, Collier Shannon Scott, PLLC, Washington, DC, Peter John Biersteker, Karen O'Brien Hourigan, Patrick L. Hubbard, Robert Francis McDermott, Jr., Jonathan Redgrave, Paul Sommer Ryerson, Geoffrey T. Wright, Jones Day, Washington, DC, Harold K. Gordon, Jones, Day, Reavis & Pogue, New York City, Elizabeth P. Kessler, Ivan C. Smith, Scott C. Walker, Jones, Day, Reavis & Pogue, Columbus, OH, Nickels N. Inelegant, Gray, Plant, Moot, Moot & Benne, PA., Minneapolis, MN, Lis M. Shepherd, Womble, Carlyle, Sandridge & Rice, PLLC, Winston–Salem, NC, for R.J. Reynolds Tobacco Company, Defendant.

Judah Best, Debevoise & Plimpton, Steven Klugman, Kevin C. Lombardi,Bruce G. Merritt, Washington, DC, Dennis H. Hranitzky, Debevoise & Plimpton, Steven S. Michaels, Joseph P. Moodhe, David Runtz, New York City, for the Council for Tobacco Research–USA, Incorporated, Defendant.

C. Ian Anderson, Davis, Polk & Wardwell, New York, NY, Steven M. Barna, Jeffrey M. Wintner, Herbert M. Wachtell,

Ben M. Germana, Wachtell, Lipton, Rosen & Katz, New York City, Richard H. Burton, Christy L. Henderson, Erik D. Nadolink, Cheryl Grissom Ragsdale, Michele B. Scarponi, Patricia M. Schwarzschild, Hunton & Williams, Richmond, VA, Jeanna Maria Beck, Floyd E. Boone, Jr., Susan Louise Lyndrup, Nick Malhotra, Melissa L. Marglous, Duane J. Mauney, Brian K. Esser, Murray R. Garnick, Michael R. Geske, Kevin M. Green, Peter Thomas Grossi, Jr., Ryan David Guilds, Bradley E. Lerman, Amy L. McGinnis, Kendall Millard, Stacy J. Pollock, Amy Elizabeth Ralph, James Miller Rosenthal, Sharma Jnatel Simmons, Jonathan Louis Stern, Thomas M. Stimson, Sharon L. Taylor, Anne McBride Walker, Leslie Wharton, Arnold & Porter, Washington, DC, Lauren J. Bernstein, Winston & Strawn, New York, NY, Timothy M. Broas, Jay L. Levine, Jay L. Levine, Winston & Strawn, LLP, Washington, DC, Alfred McDonnell, Arnold & Porter, Denver, CO, Bradley E. Lerman, Kevin J. Narko, Luke A. Palese, Ricardo E. Ugarte, Jeffrey Wagner, Dan K. Webb, Winston & Strawn, Chicago, IL, Seth Barrett Tillman, Newark, NJ, for Philip Morris USA Inc., Defendant.

Kenneth N. Bass, Jason Beckerman, Karen McCartan DeSantis, Dawn D. Marchant, David Patrick Sullivan, Kirkland & Ellis, Washington, DC, David M. Bernick, Michelle H. Browdy, Deirdre A. Fox, Steven D. McCormick, Stephen R. Patton, Douglas G. Smith, Kirkland & Ellis, Chicago, IL, Leign Ann Dowden, Dan H. Willoughby, Atlanta, GA, William Charles Hendricks, III, Andrew Martin McCormack, King & Spalding, Washington, DC, Paul Lamont McDonald, Philadelphia, PA, Rebecca I. Ruby, Goodwin Procter, LLP, Washington, DC, for Brown & Williamson Tobacco Corporation, Defendant.

James Lewis Brochin, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, New York, NY, Matthew Campbell, Jane E. Chang, Christopher J. Cullen, Winston & Strawn LLP, Washington, DC, Thomas J. Frederick, Elizabeth D. Jensen, Winston & Strawn, Chicago, IL, Ashley Cummings, Hunton & Williams, Atlanta, GA, Cindy L. Gantnier, Hunton & Williams, Jason T. Jacoby, Richmond, VA, Daniel C. Jordan, Hunton & Williams, McLean, VA, for Altria Group, Inc., Defendant.

Patrick J. Coughlin, Milberg, Weiss, Bershad, Hynes & Lerach, L.L.P., San Francisco, CA, Julian K. Fite, Cherokee Nation, Tahlequah, OK, Frank Janecek, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, Lloyd Benton Miller, Sonosky, Chambers, Sachse, Miller & Munson, Anchorage, AK, for Cherokee Nation, Native Village of Barrow, Movants.

James M. Cox, Richard Paul Cassetta, Michael B. Minton, J. William Newbold, Bruce D. Ryder, Thompson Coburn LLP, St. Louis, MO, Thomas A. Duncan, Paige Q. Szajnuk, Shook, Hardy & Bacon, Kansas City, MO, Edward Craig Schmidt, Matthew David Schwartz, Thompson Coburn, LLP, Washington, DC, for Lorillard Tobacco Company, Defendant.

Kate Cumming Beardsley, Buc & Beardsley, Washington, DC, for Elan Corporation, PLC, Intervenor.

Cynthia S. Cecil, Hunton & Williams, Richmond, VA, for Philip Morris Companies, Inc., Defendant.

Daniel R. Benson, Leonard A. Feiwus, Julie R. Fischer, Marc E. Kasowitz, Aaron H. Marks, Nancy E. Straub, Kasowitz, Benson, Torres Friedman, L.L.P., New York, NY, Michael P.A. Cohen, Washington Lawyers' Committee, Washington, DC, Warren Neil Eggleston, Howrey Simon Arnold & White, LLP, Washington, DC, Kenneth Anthony Gallo, Paul, Weiss, Rifkind, Wharton & Garrison, LLP, Washing-

ton, DC, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore, MD, Fred W. Reinke, Clifford Chance US, LLP, Washington, DC, for the Liggett Group, Inc., Defendant.

Michael V. Corrigan, Demetra Frawley, Mary Elizabeth McGary, Simpson Thatcher & Barlett, New York, NY, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Washington, DC, for British American Tobacco., P.L.C., Defendant.

Alvin Bertram Dunn, Jack McKay, Shaw Pittman LLP, Washington, DC, Neil H. Koslowe, Shearman and Sterling LLP, Washington, DC, for British American Tobacco Australia Services, Ltd, Movant.

William Salvatore D'Amico, Chadbourne & Parke, Washington, DC, Roy T. Englert, Jr., Lawrence Saul Robbins, Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, Timothy M. Hughes, Garyowen P. Morrisroe, F. John Nyhan, Lawrence Eward Savell, Bruce G. Sheffler, David L. Wallace, Jessica L. Zellner, Chadbourne & Parke, New York, NY, Robert M. Rader, Winston & Strawn LLP, Washington, DC, for British American Tobacco (Investments) Ltd., Defendant.

Clausen Jr. Ely, Covington & Burling, Washington, DC, James Alexander Goold, Joseph A. Kresse, Keith Allen Teel, John Vanderstar, Covington & Burling, Washington, DC, for the Tobacco Institute, Incorporated, Defendant., Covington & Burling, Washington, for the Tobacco Institute, Incorporated, Defendant.

Steven D. Gordon, Holland & Knight, L.L.P., Washington, DC, for Glaxosmithk-line Consumer Healthcare, L.P., Smithkline Beecham Corp., Intervenors.

Stephen Paul Mahinka, Morgan, Lewis & Bockius, L.L.P., Washington, DC, for Pfizer, Inc., Intervenor.

David Mendelson, Kirkland & Ellis LLP, Washington, DC, for the American Tobacco Company, Defendant.

Stephen Printiss Murphy, Reed Smith, Washington, DC, for Novartis Consumer Health Inc, Intervenor.

Arnon D. Siegel, Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, for Pharmacia Corp., intervenor.

D. Jacques Smith, Arent, Fox, Kintner, Plotkin & Kahn, Washington, for Impax Laboratories, Inc., Intervenor.

## MEMORANDUM OPINION

KESSLER, District Judge.

This matter is now before the Court on the Motion for Summary Judgment filed by Defendant Liggett Group Inc. ("Motion"). Upon consideration of the Motion, the Government's Opposition, the Reply, and the entire record herein, and for the reasons stated below, the Motion is **denied**.

## I. BACKGROUND

Plaintiff, the United States of America ("the Government") has brought this suit against the Defendants[1] pursuant to Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*[2] De-

1. Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research–U.S.A., Inc., the Tobacco Institute, Inc., and The Liggett Group, Inc.

2. The Complaint originally contained four claims under three statutes. On September 28, 2000, the Court dismissed Count One (pursuant to the Medical Care Recovery Act,

fendants are manufacturers of cigarettes and other tobacco-related entities. The Government seeks injunctive relief and billions of dollars for what it alleges to be Defendants' unlawful conspiracy to deceive the American public. The Government's Amended Complaint describes a four-decade long conspiracy, dating from at least 1953, to intentionally and willfully deceive and mislead the American public about, among other things, the harmful nature of tobacco products, the addictive nature of nicotine, and the possibility of manufacturing safer and less addictive tobacco products. Amended Complaint ("Am.Compl.") at ¶ 3.

The Government seeks equitable relief under Section 1964(a) of RICO. In order to obtain the requested injunctive relief and disgorgement, the Government must demonstrate "a reasonable likelihood of future RICO violations." *United States v. Philip Morris Inc., et al.*, 116 F.Supp.2d 131, 148 (D.D.C.2000). Section 1964(a) is designed to prevent and restrain future conduct rather than to punish past conduct. *See United States v. Carson*, 52 F.3d 1173, 1182 (2d. Cir.1995).

## II. Analysis

In the present Motion, one of the Defendants, Liggett Group Inc. ("Liggett"), seeks summary judgment on the grounds that it affirmatively withdrew in the mid-1990s from any alleged conspiracy which might have existed. In light of this alleged withdrawal, Liggett asserts that the Government cannot meet its burden of demonstrating that Liggett poses a continuing threat of RICO violations in the future.

While the Government acknowledges that Liggett has been somewhat helpful

and distinguishes Liggett's conduct from that of the other Defendants, the Government asserts that the evidence of withdrawal which Liggett claims is "undisputed" is in fact very much in dispute. According to the Government, Liggett has failed to "come clean" to authorities because it continues to assert that there never was a RICO conspiracy and that if there was, it never participated in it. *See* Govt's Opp'n at 20. In addition, the Government claims that Liggett's overall behavior falls far short of action to disavow or defeat the conspiracy, as required to establish withdrawal.

## A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C.Cir.1989).

Additionally, "if the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance, sum-

42 U.S.C. § 2651, *et seq.*) and Count Two (pursuant to the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(B)(ii) & (iii)). *See United States v. Philip Morris,* 116 F.Supp.2d 131 (D.D.C.2000).

mary judgment is improper." *Greenberg v. FDA*, 803 F.2d 1213, 1216 (D.C.Cir. 1986). At the summary judgment stage, "the court is not to make credibility determinations or weigh the evidence." *Dunaway v. Int'l Brotherhood of Teamsters*, 310 F.3d 758, 761 (D.C.Cir.2002).

### B. There Are Material Facts in Dispute About Whether Liggett Withdrew from the Alleged Conspiracy

In order to be awarded the equitable relief it seeks under Section 1964(a), the Government must prove a reasonable likelihood of future RICO violations on the part of Defendants. Liggett claims that the Government cannot as a matter of law meet this burden because it withdrew from the alleged conspiracy in the mid–1990s and thus cannot pose a risk of future RICO violations.

█ To establish withdrawal, a co-conspirator must prove either that: (1) it took affirmative action to disavow or defeat the purpose of the conspiracy which is communicated in a manner reasonably calculated to reach co-conspirators, or (2) it "made a clean breast to the authorities." *See Hyde v. United States*, 225 U.S. 347, 368–69, 32 S.Ct. 793, 56 L.Ed. 1114 (1912); *United States v. Thomas*, 114 F.3d 228, 267–68 (D.C.Cir.1997). While both Liggett and the Government stipulate that Liggett "broke ranks" from the other Defendants in 1997, material facts remain in dispute regarding whether Liggett's actions constitute "affirmative actions to disavow or defeat the conspiracy" or "coming clean" to the authorities. [3]

Liggett advances several arguments to demonstrate that it took affirmative action to defeat the purpose of the conspiracy in the mid–1990s. Liggett was the first domestic tobacco company to admit that smoking causes cancer and is addictive and include product warnings beyond those required by law. *See* Motion at 4–5. Liggett asserts that it was the only company to disclose the ingredients of its cigarettes and to agree to submit to FDA jurisdiction. *Id.* at 4. In addition, Liggett argues that it provided assistance and cooperation to the States' Attorneys General in their prosecution of claims against other tobacco companies, Liggett's alleged co-conspirators. *Id.* In particular, Liggett relies on the fact that its officials testified about the dangerous health effects of smoking. *Id.* Liggett asserts that its cooperation was a key element in achieving state settlements with the other tobacco companies and that it has been hailed as a "responsible tobacco company." *Id.* Because it "broke ranks" with the other Defendants in 1997, Liggett claims that it has become a pariah in the tobacco industry. *Id.* at 5. Based on this evidence, Liggett claims that it affirmatively abandoned any alleged conspiracy and, thus, cannot pose a continuing or future threat of RICO violations.

In response, the Government argues that Liggett's actions today continue to support and protect the RICO conspiracy, rather than defeat it. In particular, the Government alleges that Liggett (1) refuses to disclose *all* of the ingredients in its cigarettes to the public (*See* Govt's Opp'n at 23); (2) continues to engage in marketing tactics that appeal to youths (*id.*); (3) continues to deny that it manipulates the nicotine content in its cigarettes while still researching methods to deliver sufficient nicotine to enhance addiction (*id.* at 24); and (4) continues to deceptively

---

**3.** The Government also disputes whether a finding of withdrawal would preclude liability in this action. However, because the Court leaves the determination of withdrawal to trial, it need not reach that issue at the present time.

market "light" and low tar cigarettes as safer or less hazardous (*Id.* at 26). Moreover, according to the Government, Liggett's economic entanglement with Philip Morris means that Liggett has a financial stake in the continuing vitality of the conspiracy. *Id.* at 26 (citing U.S. Supp. LG 7.1/56.1 St. at ¶ 86). As a result, the Government claims that Liggett has not taken affirmative steps to completely disavow or defeat the conspiracy and therefore cannot be found to have withdrawn.

While Liggett does not specifically advance an argument that it made a "clean breast to the authorities," Liggett emphasizes the point that it "turned state's evidence in the mid–1990s and provided historic, widely-publicized testimony, evidence and admissions in support of governmental claims against its alleged co-conspirators at that time." Liggett's Reply at vi. In fact, Liggett argues that as a result of this cooperation with the States' Attorneys General, it no longer has any meaningful relationship with the other Defendants. *Id.* According to the Government, however, Liggett cannot be found to have withdrawn because it has failed to make the requisite disclosure to authorities to completely "come clean" about the alleged conspiracy.

■ The foregoing recitation of the parties' positions makes it eminently clear that there are genuine disputes about material facts and about the inferences and interpretations to be drawn from individual facts which may not be disputed. Summary judgment is, therefore, inappropriate. In short, a determination of whether the challenged acts constitute withdrawal on the part of Liggett is a fact-intensive inquiry that can only be resolved at trial.

### III. CONCLUSION

For all the foregoing reasons, Liggett is not entitled to summary judgment based on its alleged withdrawal from the RICO conspiracy, and its Motion is denied.

An **Order** will accompany this opinion.

### *ORDER # 523*

This matter is now before the Court on the Motion for Summary Judgment filed by Defendant Liggett Group Inc. ("Motion"). Upon consideration of the Motion, the Opposition, the Reply, and the entire record herein, and for the reasons set forth in the accompanying Memorandum Opinion, Defendant Liggett's Motion is **denied**.