**UNITED STATES of America, Plaintiff,**

v.

**PHILIP MORRIS USA., f/k/a Philip Morris, Inc. et al. Defendants.**

**No. CIV.A.99–2496(GK).**

United States District Court, District of Columbia.

May 6, 2004.

8

---

Sharon Y. Eubanks, Stephen D. Brody, Renee Brooker, Frank J. Marine, Andrew N. Goldfarb, U.S. Department of Justice, Washington, DC, for Plaintiff.

Alfred McDonnell, Arnold & Porter, Denver, CO, Amy L. McGinnis, Amy Elizabeth Ralph, Anne McBride Walker, Duane J. Mauney, Floyd E. Boone, Jr., James Miller Rosenthal, Jeanna Maria Beck, Jonathan Louis Stern, Kendall Millard, Kevin M. Green, Leslie Wharton, Melissa L. Marglous, Michael R Geske, Murray R. Garnick, Nick Malhotra, Peter Thomas Grossi, Jr., Ryan David Guilds, Sharma Jnatel Simmons, Sharon L. Taylor, Stacy J. Pollock, Susan Louise Lyndrup, Brian K. Esser, Arnold & Porter, Christopher J. Cullen, Jane E. Chang, Jay L. Levine, Matthew Campbell, Robert M. Rader, Thomas M. Stimson, Timothy M. Broas, Winston & Strawn LLP, Geoffrey T. Wright, Jonathan Redgrave, Patrick L. Hubbard, Paul Sommer Ryerson, Peter John Biersteker, Robert Francis McDermott, Jr., Karen O'Brien Hourigan, Jones Day, John Buchanan Williams, William M. Bailey, Collier Shannon Scott, PLLC, Andrew Martin McCormack, William Charles Hendricks, III, King & Spalding, David Mendelson, Dawn D. Marchant, Karen McCartan DeSantis, Kenneth N. Bass, Kirkland & Ellis LLP, Rebecca I. Ruby, Goodwin Procter, LLP, Edward Craig Schmidt, Matthew David Schwartz, Thompson Coburn, LLP, Fred W. Reinke, Clifford Chance US, LLP, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Arnon D. Siegel, Lawrence Saul Robbins, Roy T. Englert, Jr., Robbins, Russell, Englert, Orseck & Untereiner, William Salvatore D'Amico, Chadbourne & Parke, Bruce G. Merritt, Judah Best, Kevin C. Lombardi, Steven Klugman, Debevoise & Plimpton, Clausen Jr. Ely, James Alexander Goold, Joseph A. Kresse, Keith Allen Teel, Covington & Burling, Washington, DC, Ashley Cummings, Hunton & Williams, Atlanta, GA, Ben M. Germana, Wachtell, Lipton, Rosen & Katz, Lauren J. Bernstein, Winston & Strawn, C. Ian Anderson, Davis, Polk & Wardwell, Herbert M. Wachtell, Jeffrey M. Wintner, Steven M. Barna, Wachtell, Lipton, Rosen & Katz, James Lewis Brochin, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, Harold K. Gordon, Aaron H. Marks, Daniel R. Benson, Julie R. Fischer, Leonard A. Feiwus, Marc E. Kasowitz, Nancy E. Straub, Kasowitz, Benson, Torres Friedman, L.L.P., Demetra Frawley, Mary Elizabeth McGarry, Michael V. Corrigan, Simpson Thatcher & Barlett, Bruce G. Sheffler, David L. Wallace, F. John Nyhan, Garyowen P. Morrisroe, Jessica L. Zellner, Timothy M. Hughes, Lawrence Edward Savell, Chadbourne & Parke LLP, David Runtz, Dennis H. Hranitzky, Joseph P. Moodhe, Steven S. Michaels, Debevoise & Plimpton, New York City, Bradley E. Lerman, Luke A. Palese, Dan K. Webb, Elizabeth D. Jensen, Jeffrey Wagner, Kevin J. Narko, Ricardo E. Ugarte, Thomas J. Frederick, Winston & Strawn, David M. Bernick, Douglas G. Smith, Michelle H. Browdy, Stephen R. Patton, Steven D. McCormick, Kirkland & Ellis, Chicago, IL, Cindy L. Gantnier, Erik D. Nadolink, Patricia M. Schwarzschild, Richard H. Burton, Cheryl Grissom Ragsdale, Christy L. Henderson, Michele B. Scarponi, Jason T. Jacoby, Hunton & Williams, Richmond, VA, Daniel C. Jordan, Hunton & Williams, McLean, VA, Seth Barrett Tillman, Newark, NJ, David B. Alden, Paul Crist, Ran-

dal S. Baringer, Robert C. Weber, Jones, Day, Reavis & Pogue, Cleveland, OH, Elizabeth P. Kessler, Ivan C. Smith, Scott C. Walker, Jones, Day, Reavis & Pogue, Columbus, OH, Lisa M. Sheppard, Womble, Carlyle, Sandridge & Rice, PLLC, Winston-Salem, NC, Nicholas N. Nierengarten, Gray, Plant, Mooty, Mooty & Bennett, PA., Minneapolis, MN, Dan H. Willoughby, Leign Ann Dowden, King & Spalding, Atlanta, GA, Paul Lamont McDonald, Philadelphia, PA, Bruce D. Ryder, J. William Newbold, James M. Cox, Michael B. Minton, Richard Paul Cassetta, Thompson Coburn LLP, St. Louis, MO, Paige Q. Szajnuk, Thomas A. Duncan, Shook, Hardy & Bacon, Kansas City, MO, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore, MD, for Defendants.

Neil H. Koslowe, Shearman and Sterling LLP, Alvin Bertram Dunn, Jack McKay, Shaw Pittman LLP, David Charles Shonka, Washington, DC, for Movants.

Steven D. Gordon, Holland & Knight, L.L.P., Kate Cumming Beardsley, Buc & Beardsley, Stephen Printiss Murphy, Reed Smith, Stephen Paul Mahinka, Morgan, Lewis & Bockius, L.L.P., Washington, DC, for Intervenors.

### MEMORANDUM OPINION

KESSLER, District Judge.

This matter is now before the Court on Defendants' Motion for Summary Judgment on the Grounds That There Is No Reasonable Likelihood of Future RICO Violations ("Motion"). Upon consideration of the Motion, the Government's Opposition, the Reply and the entire record herein, and for the reasons stated below, the Motion is **denied.**

## I. BACKGROUND

Plaintiff, the United States of America ("the Government") has brought this suit against the Defendants[1] pursuant to Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.[2] Defendants are manufacturers of cigarettes and other tobacco-related entities. The Government seeks injunctive relief and disgorgement of billions of dollars for what it alleges to be Defendants' unlawful conspiracy to deceive the American public. The Government's Amended Complaint describes a four-decade long conspiracy, dating from at least 1953, to intentionally and willfully deceive and mislead the American public about, among other things, the harmful nature of tobacco products, the addictive nature of nicotine, and the possibility of manufacturing safer and less addictive tobacco products. Amended Complaint ("Am.Compl.") at ¶ 3.

## II. Analysis

In the present Motion, Defendants seek summary judgment on all claims on the grounds that the Government cannot meet its burden of showing a reasonable likeli-

---

1. Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research–U.S.A., Inc., the Tobacco Institute, Inc., and The Liggett Group, Inc.

2. The Complaint originally contained four claims under three statutes. On September 28, 2000, the Court dismissed Count One (pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651, et seq.) and Count Two (pursuant to the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(B)(ii) & (iii)). See United States v. Philip Morris, 116 F.Supp.2d 131 (D.D.C.2000).

hood of Defendants' future RICO violations. As this Court previously held, imposition of any equitable remedies under Section 1964(a), including the injunctive relief and disgorgement which the Government seeks in this action, must be drawn so as to prevent and restrain any future violations of RICO. *See* Memorandum Opinion on Defendants' Motion for Partial Summary Judgment on Government's Disgorgement Claim. Defendants argue that the Government cannot meet this threshold showing in light of the Master Settlement Agreement ("MSA"), which Defendants entered into with all 50 States and the District of Columbia to settle state tobacco litigation. *See* Motion at 8. Defendants also argue that all post-MSA acts upon which the Government relies are legal and legitimate and therefore insufficient to make the requisite showing. *Id.* at 17–18.

The Government responds that there is substantial evidence of ongoing RICO violations. In addition, the Government asserts that it can show a reasonable likelihood of future RICO violations based on the Defendants' past RICO violations alone.

## A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts

are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C.Cir.1989).

Additionally, "if the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is improper." *Greenberg v. FDA*, 803 F.2d 1213, 1216 (D.C.Cir. 1986). At the summary judgment stage, "the court is not to make credibility determinations or weigh the evidence." *Dunaway v. Int'l Brotherhood of Teamsters*, 310 F.3d 758, 761 (D.C.Cir.2002).

## B. The MSA, In and of Itself, Does Not Preclude Relief.

▮ Defendants argue that, with the MSA in place, there is no likelihood of future RICO violations because the MSA "severely limits virtually every aspect of Defendants' businesses and specifically precludes the conduct which the Government claims Defendants undertook illegally in the past."[3] Motion at 8. In addition, Defendants assert that the MSA is actually broader than the relief which the Government seeks in this action, that it is accomplishing the objectives sought in this litigation, and that it is effectively enforced by

---

**3.** To the extent that Defendants are arguing that past RICO violations alone cannot demonstrate a reasonable likelihood of future RICO violations, they are wrong. "The likelihood of future wrongful acts is frequently established by inferences drawn from past conduct." *United States v. Local 30, United*

*Slate, Tile and Composition Roofers, Damp, and Waterproof Workers Ass'n.*, 871 F.2d 401, 409 (3rd Cir.1989). *See also SEC v. Bilzerian*, 29 F.3d 689, 695 (D.C.Cir.1994); *SEC v. Gruenberg*, 989 F.2d 977, 978 (8th Cir.1993); *SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1228–9 (D.C.Cir.1989).

the States Attorneys General. *Id.* at 8–10. Defendants emphasize that courts in every state and the District of Columbia retain jurisdiction over enforcement actions to remedy violations of the MSA. *Id.* at 10. Further, Defendants argue that the States have not hesitated to pursue enforcement actions in those few instances of violations of the MSA. *Id.* at 12. In light of the implementation and effective enforcement of the MSA, Defendants claim that no further equitable relief is necessary.

Despite the superficial appeal of Defendants' argument, the Court concludes that the existence of the MSA cannot establish, as a matter of law, that there is no reasonable likelihood of Defendants committing future RICO violations. As the Court has previously noted, at a much earlier point in this litigation, "[i]n arguing that the MSA obviates the need for injunctive relief, Defendants implicitly ask the Court to make the following two assumptions: that Defendants have complied with and will continue to comply with the terms of the MSA and that the MSA has adequate enforcement mechanisms in the event of noncompliance." *United States v. Philip Morris,* 116 F.Supp.2d at 149. However, there are many reasons the Court is not prepared to accept those assumptions at the summary judgment stage just as it was not prepared to do so at the motion to dismiss stage.

First, in Section 1964(b), Congress has given the obligation to enforce RICO to the federal government not to the States. As the Government argues, the MSA does not trump the "paramount sovereign interests" of the United States in enforcing its own laws, especially given that it is not even a party to the MSA and that this Court has no jurisdiction to enforce the MSA. Govt's Opp'n. at 9,12. The enforcement responsibilities under RICO may parallel the efforts of the States under the

MSA but certainly can not be preempted by them.

Second, as the Government points out, the MSA itself precludes Defendants from relying upon it in this lawsuit. *See* Govt's Opp'n. at 8. Specifically, the MSA provides that it shall not be "offered or received in evidence in any action...for any purpose other than in an action...arising under or relating to this Agreement." MSA § XVIII(f). While the Defendants argue to the contrary, it is clear that the Government's lawsuit is not "an action...relating to this Agreement."

Third, the Government seeks significant relief not covered by the MSA. For example, the United States seeks disgorgement of Defendants' past ill-gotten gains of $280 billion in contrast to the payments of future profits that signatory Defendants are obligated to pay the States under the MSA. Govt's Opp'n. at 12. Moreover, MSA payments from the signatory Defendants are determined by a formula based, in part, on market share and a Defendant's MSA payments may be reduced if its market share falls. *Id.* Unlike the relief sought here, the MSA does not (1) require each Defendant to "make corrective statements regarding the health risks of cigarette smoking and the addictive properties of nicotine" in its future advertising and marketing of cigarettes; (2) require funding of medically approved nicotine replacement therapy for smokers, or court-appointed monitors to implement the relief granted; (3) enjoin the Defendants from committing any racketeering acts defined in 18 U.S.C. § 1961(1) and the knowing association with any person engaged in such acts of racketeering; and (4)enjoin Defendants' alleged youth-marketing practices. *Id.* at 12–13.

Fourth, even assuming that the MSA provided all the relief which the Government seeks here, mere cessation of the

alleged violations "is no bar to the issuance of an injunction." *Hecht Co. v. Bowles,* 321 U.S. 321, 327, 64 S.Ct. 587, 88 L.Ed. 754 (1944). Such cessation of unlawful activity cannot foreclose relief particularly where, as here, it is the result of a settlement designed to minimize liability in the face of various State suits.

Fifth, the MSA cannot preclude relief in this RICO action because two of the Defendants, BATCo and Altria, are not even signatories to that Agreement. Accordingly, the MSA simply cannot enjoin all the wrongful conduct which the Government alleges.

For all these reasons, existence of and compliance with the MSA does not preclude the equitable relief sought by the Government in this lawsuit.

### C. There Are Genuine Issues of Material Fact in Dispute as to the Government's Showing of Defendants' Reasonable Likelihood of Future RICO Violations.

In our Circuit, to determine whether there is a reasonable likelihood of future violations, a court must evaluate the "totality of circumstances." *SEC v. First City Fin. Corp.,* 890 F.2d 1215, 1228 (D.C.Cir.1989). In particular, courts must consider: "(1) whether a defendant's violation was isolated or part of a pattern, (2) whether the violation was flagrant and deliberate or merely technical in nature, and (3) whether the defendant's business will present opportunities to violate the law in the future." *Id.* No one factor which bears on the reasonable likelihood of future violations can be dispositive; rather the

Court must look at the whole factual picture. *See id.*

Defendants argue that they are entitled to summary judgment because the Government has not shown a reasonable likelihood of future RICO violations. However that assessment obviously requires an evaluation of material factual issues that are clearly in dispute. For example, the Government claims that it will present extensive evidence of Defendants' massive scheme to defraud the public that began over 50 years ago and continues to the present. *See* Govt's Opp'n. at 4. In contrast, Defendants argue that the Government's evidence of alleged ongoing violations of RICO consists of mere "assertions and innuendo" and focuses on conduct which is actually legal and legitimate. *See* Motion at 3, 17. Aside from their argument that the MSA itself precludes a finding of a reasonable likelihood of RICO violations, the essence of Defendants' Motion is their claim that the Government's evidence is insufficient to meet its burden.[4] To answer that question, the Court must hear and weigh the evidence, which is properly done at trial. Thus, the issue presented in the Motion is not appropriate for summary judgment.

### III. CONCLUSION

For all the foregoing reasons, Defendants are not entitled to summary judgment on all claims on the grounds that there is no reasonable likelihood of RICO violations, and their Motion is **denied**.

An **Order** will accompany this opinion.

---

4. Moreover, courts have generally concluded that cases that involve questions of intent are rarely appropriate for summary judgment. "Issues of intent and credibility [are] inappropriate for summary judgment and...should be resolved by the fact finder after a trial." *Citizens Bank of Clearwater v. Hunt,* 927 F.2d 707, 711 (2d Cir.1991); *see In re McGuirl,* 162 B.R. 630, 634 (D.D.C.1993). The intent of the parties to the MSA is thus not proper for consideration at the summary judgment stage.

## ORDER # 537

This matter is now before the Court on Defendants' Motion for Summary Judgment on the Grounds That There Is No Reasonable Likelihood of Future RICO Violations ("Motion"). Upon consideration of the Motion, the Government's Opposition, the Reply and the entire record herein, and for the reasons set forth in the accompanying Memorandum Opinion, the Motion is **denied**.