316 F.Supp.2d 13 (2004)
UNITED STATES of America, Plaintiff,
v.
PHILIP MORRIS USA., f/k/a Philip Morris, Inc. et al. Defendants.
No. CIV.A.99-2496(GK).
United States District Court, District of Columbia.
May 6, 2004.
*14 Sharon Y. Eubanks, Stephen D. Brody, Frank J. Marine, Kenneth E. Sealls, U.S. Department of Justice, Washington, DC, for Plaintiff.
Alfred McDonnell, Arnold & Porter, Denver, CO, Amy L. McGinnis, Amy Elizabeth Ralph, Anne McBride Walker, Duane J. Mauney, Floyd E. Boone, Jr., James Miller Rosenthal, Jeanna Maria Beck, Jonathan Louis Stern, Kendall Millard, Kevin M. Green, Leslie Wharton, Melissa L. Marglous, Michael R. Geske, Murray R. Garnick, Nick Malhotra, Peter Thomas Grossi, Jr., Ryan David Guilds, Sharma Jnatel Simmons, Sharon L. Taylor, Stacy J. Pollock, Susan Louise Lyndrup, Brian K. Esser, Arnold & Porter, LLP, Washington, DC, Ashley Cummings, Hunton & Williams, Atlanta, GA, Ben M. Germana, Herbert M. Wachtell, Jeffrey M. Wintner, Steven M. Barna, Wachtell, Lipton, Rosen & Katz, New York City, Bradley E. Lerman, Dan K. Webb, Elizabeth D. Jensen, Jeffrey Wagner, Kevin J. Narko, Luke A. Palese, Ricardo E. Ugarte, Thomas J. Frederick, Winston & Strawn, Chicago, IL, C. Ian Anderson, Davis, Polk & Wardwell, New York City, Christopher J. Cullen, Jane E. Chang, Jay L. Levine, Matthew Campbell, Robert M. Rader, Thomas M. Stimson, Timothy M. Broas, Winston & Strawn LLP, Washington, DC, Cindy L. Gantnier, Erik D. Nadolink, Patricia M. Schwarzschild, Richard H. Burton, Cheryl Grissom Ragsdale, Christy L. Henderson, Michele B. Scarponi, Hunton & Williams, Richmond, VA, Daniel C. Jordan, Hunton & Williams, McLean, VA, James Lewis Brochin, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, Lauren J. Bernstein, Winston & Strawn, New York City, Seth Barrett Tillman, Newark, NJ, David B. Alden, Paul Crist, Randal S. Baringer, Robert C. Weber, Jones, Day, Reavis & Pogue, Cleveland, OH, Elizabeth P. Kessler, Ivan C. Smith, Scott C. Walker, Jones, Day, Reavis & Pogue, Columbus, OH, Geoffrey T. Wright, Jonathan Redgrave, Patrick L. Hubbard, Paul Sommer Ryerson, Peter John Biersteker, Robert Francis McDermott, Jr., Karen O'Brien Hourigan, Jones Day, Washington, DC, Harold K. Gordon, Jones, Day, Reavis & Pogue, New York City, John Buchanan Williams, William M. Bailey, Collier Shannon Scott, PLLC, Washington, DC, Lisa M. Sheppard, Womble, Carlyle, Sandridge & Rice, PLLC, Winston-Salem, NC, Nicholas N. Nierengarten, Gray, Plant, Mooty, Mooty & Bennett, PA, Minneapolis, MN, Andrew Martin McCormack, *15 William Charles Hendricks, III, King & Spalding, Washington, DC, Dan H. Willoughby, Leign Ann Dowden, King & Spalding, Atlanta, GA, David M. Bernick, Douglas G. Smith, Michelle H. Browdy, Stephen R. Patton, Steven D. McCormick, Kirkland & Ellis, Chicago, IL, David Mendelson, Dawn D. Marchant, Karen McCartan DeSantis, Kenneth N. Bass, Kirkland & Ellis LLP, Washington, DC, Paul Lamont McDonald, Philadelphia, PA, Rebecca I. Ruby, Goodwin Procter, LLP, Washington, DC, Bruce D. Ryder, J. William Newbold, James M. Cox, Michael B. Minton, Richard Paul Cassetta, Thompson Coburn LLP, St. Louis, MO, Edward Craig Schmidt, Matthew David Schwartz, Thompson Coburn, LLP, Washington, DC, Paige Q. Szajnuk, Thomas A. Duncan, Shook, Hardy & Bacon, Kansas City, MO, Aaron H. Marks, Daniel R. Benson, Julie R. Fischer, Leonard A. Feiwus, Marc E. Kasowitz, Nancy E. Straub, Kasowitz, Benson, Torres Friedman, L.L.P., New York City, Fred W. Reinke, Clifford Chance US, LLP, Washington, DC, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore, MD, Demetra Frawley, Mary Elizabeth McGarry, Michael V. Corrigan, Simpson Thatcher & Barlett, New York City, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Washington, DC, Arnon D. Siegel, Lawrence Saul Robbins, Roy T. Englert, Jr., Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, Bruce G. Sheffler, David L. Wallace, F. John Nyhan, Garyowen P. Morrisroe, Jessica L. Zellner, Timothy M. Hughes, Lawrence Edward Savell, Chadbourne & Parke LLP, New York City, William Salvatore D'Amico, Chadbourne & Parke, Washington, DC, Bruce G. Merritt, Judah Best, Kevin C. Lombardi, Steven Klugman, DeBevoise & Plimpton, Washington, DC, David Runtz, Dennis H. Hranitzky, Joseph P. Moodhe, Steven S. Michaels, Debevoise & Plimpton, New York City, Clausen Jr. Ely, James Alexander Goold, Joseph A. Kresse, Keith Allen Teel, Covington & Burling, Washington, DC, Jason T. Jacoby, Hunton & Williams, Richmond, VA, for Defendants.
David Charles Shonka, Office of General Counsel, Washington, DC, Neil H. Koslowe, Shearman And Sterling LLP, Washington, DC, Alvin Bertram Dunn, Jack McKay, Shaw Pittman LLP, Washington, DC, for Movants.
Steven D. Gordon, Holland & Knight, L.L.P., Arnon D. Siegel, Robbins, Russell, Englert, Orseck & Untereiner, Kate Cumming Beardsley, Buc & Beardsley, Stephen Printiss Murphy, Reed Smith, Stephen Paul Mahinka, Morgan, Lewis & Bockius, L.L.P., Washington, DC, for Intervenors.

MEMORANDUM OPINION
KESSLER, District Judge.
This matter is now before the Court on the Government's Motion for Partial Summary Judgment on Element That Defendants Have Caused Mailings and Wire Transmissions ("Motion"). Upon consideration of the Motion, Defendants' Opposition, the Reply, and the entire record herein, and for the reasons stated below, the Motion is denied.

I. BACKGROUND
Plaintiff, the United States of America ("the Government"), has brought this suit against the Defendants[1] pursuant to Sections *16 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.[2] Defendants are manufacturers of cigarettes and other tobacco-related entities. The Government seeks injunctive relief and billions of dollars for what it alleges to be Defendants' unlawful conspiracy to deceive the American public. The Government's Amended Complaint describes a four-decade long conspiracy, dating from at least 1953, to intentionally and willfully deceive and mislead the American public about, among other things, the harmful nature of tobacco products, the addictive nature of nicotine, and the possibility of manufacturing safer and less addictive tobacco products. Amended Complaint ("Am.Compl.") at ¶ 3.

II. Summary Judgment Standard
Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255, 106 S.Ct. 2505; see also Washington Post Co. v. United States Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C.Cir.1989).
Additionally, "if the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is improper." Greenberg v. FDA, 803 F.2d 1213, 1216 (D.C.Cir.1986). At the summary judgment stage, "the court is not to make credibility determinations or weigh the evidence." Dunaway v. Int'l Brotherhood of Teamsters, 310 F.3d 758, 761 (D.C.Cir.2002).

III. Analysis
RICO prohibits entities from engaging in racketeering activity associated with an "enterprise." To prove the alleged RICO violations, the Government must show: (1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." Salinas v. United States, 522 U.S. 52, 62, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997). Racketeering activity includes, among other things, acts prohibited by any one of a number of criminal statutes. 18 U.S.C. § 1961(1). A "pattern" is demonstrated by two or more instances of "racketeering activity" that occur within 10 years of one another. 18 U.S.C.1961(5). In this case, the alleged racketeering acts are violations of 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud). To demonstrate mail fraud or wire fraud, the Government must prove: (1) a scheme to defraud and (2) use of mails or interstate wire communications to further that *17 scheme. United States v. Lemire, 720 F.2d 1327, 1334-35 (D.C.Cir.1983).
In the present Motion, the Government seeks partial summary judgment on the element of its RICO claims that Defendants have caused the mailings and wire transmissions underlying the 145 racketeering acts alleged in its complaint, as well as 635 additional racketeering acts it later sought to rely upon. As to the latter 635 acts, the Court has ruled in its Order # 487 and Memorandum Opinion of February 2, 2004, that because of their untimeliness they may not be relied upon as new racketeering acts.
All but six of the 145 acts alleged involve either: (1) correspondence sent or received by the Defendants, or (2) press releases or advertisements sent by the Defendants to newspapers, magazines, or other news outlets. See Motion at 14. The final six charged acts involve wire transmission of televised statements made by Defendants' representatives. Id. Citing Defendants' stipulations to certain mailings and wire transmissions and the Government's own tracing of other mailings, the Government argues that there is no genuine issue of material fact that those Defendants charged in each racketeering act caused all 145 mailing or wire transmissions underlying the RICO claims. See id. at 5-8, 14.
While certain Defendants have stipulated to causing certain mail and wire transmissions, they argue that merely "causing" the transmissions is not sufficient to demonstrate an element of mail or wire fraud. Defendants assert that the Government must instead prove that they caused the mailing or wire transmission in order to further the alleged scheme to defraud. Thus, according to Defendants, a finding that Defendants caused a mailing without reference to whether that mailing furthered a scheme to defraud is "a useless and unnecessary exercise," Defs.' Opp'n. at 2, and, in any case, would not be appropriate for summary judgment because there are genuine issues of material fact in dispute. The Court agrees with both of Defendants' arguments.

A. Summary Judgment Is Inappropriate
The Government states that it is seeking partial summary judgment as to one requirement of the mail and wire fraud alleged; in fact, however, it is seeking partial summary judgment as to only one portion of that requirement of mail and wire fraud, i.e., causing the use of the mails or wire transmissions. While it may be true that a party can move for partial summary judgment on particular elements of its claim for liability, Virden v. Graphics One, 623 F.Supp. 1417, 1431-34 (C.D.Cal.1985)(granting plaintiff partial summary judgment on the "conduct" and "of an enterprise" elements of a civil RICO claim), here the Government has only argued that, as a matter of law, Defendants "caused the mail and wire transmissions" underlying the 145 racketeering acts. Because simply "causing" mail or wire transmissions is only a portion of one of the two necessary requirements for proving mail or wire fraud, the Government has failed to justify the granting of partial summary judgment.
The existence of a "scheme to defraud" is a central element in demonstrating violations of the mail and wire fraud statutes. See Parr v. United States, 363 U.S. 370, 389-90, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960)(holding that "[o]nly if the mailings were `a part of the execution of the fraud,' or...were `incident to an essential part of the scheme,' do they fall within the ban of the federal mail fraud statute"); United States v. Reid, 533 F.2d 1255, 1263 (D.C.Cir.1976)(finding that "[u]nder the *18 mail fraud statute it is not necessary that the individual mailing relied upon by the prosecution be shown to be in any way false or inaccurate, if the matter mailed is utilized in furtherance of or pursuant to the scheme to defraud"). As a result, the Court cannot evaluate, particularly in a summary judgment posture, who "caused" a transmission independent of the further evaluation of whether the mail or wire transmissions were related to an existing scheme to defraud.
In this Circuit, a scheme to defraud must be established before courts can even turn to the issue of causation of mail and wire transmissions. See Reid, 533 F.2d at 1264; United States v. Jordan, 626 F.2d 928, 930 (D.C.Cir.1980) (stating that the "Government is required to prove that the defendant...willfully and knowingly devised a scheme or artifice to defraud... and, secondly, that the defendant used the United States Postal Service...by causing to be mailed some...thing for the purpose of executing the scheme to defraud") (emphasis added); United States v. Espy, 989 F.Supp. 17, 29 (D.D.C.1997) (concluding that, to prove the second element of mail fraud, "government will have to establish that use of the mails was at a minimum a part of the execution of the fraud")(internal citations omitted).
In Schmuck v. United States, 489 U.S. 705, 715, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), the Supreme Court noted that "[t]he relevant question at all times is whether the mailing is part of the execution of the [fraudulent] scheme as conceived by the perpetrator at the time...." Accordingly, though the Government correctly argued that the "causing" requirement does not impose an onerous burden, Pereira v. United States, 347 U.S. 1, 8-9, 74 S.Ct. 358, 98 L.Ed. 435 (1954), it is a requirement which hinges upon a prior or simultaneous showing of a scheme to defraud, which the Government cannot and does not seek to establish in its Motion for partial summary judgment.

B. There Are Material Facts in Dispute Regarding Many of the Mailings and Wire Transmissions at Issue.
Even if the Government had sought summary judgment on both aspects of the "causing" element of mail and wire fraud, there are still genuine issues of material fact in dispute as to many of the mailings and wire transmissions. While certain Defendants have stipulated or admitted to having caused a few specific transmissions, the majority remain in dispute. Defs' Opp'n. at 5-6. In particular, Defendants challenge the Government's assertion that certain mailings of CTR and TI should be imputed to member Defendants. Id. at 11-12. In addition, Defendants contest the Government's application of Order # 54 to certain transmissions which occurred in the 1960s, 1970s and 1980s to support a finding that Defendants "caused" those early transmissions because, by its own terms, Order # 54 applies only to materials created or dated after October 19, 1999. Id. at 10. Accordingly, even if the Government's Motion properly sought summary judgment as to the second element of mail and wire fraud, it would be precluded by the need for an extensive factual inquiry.

IV. CONCLUSION
For all the foregoing reasons, the Government is not entitled to partial summary judgment that Defendants caused the mail and wire transmissions underlying the 145 racketeering acts alleged, and its Motion is denied.
An Order will accompany this opinion.

*19 ORDER # 540
This matter is now before the Court on the Government's Motion for Partial Summary Judgment on Element That Defendants Have Caused Mailings and Wire Transmissions ("Motion"). Upon consideration of the Motion, Defendants' Opposition, the Reply, and the entire record herein, and for the reasons set forth in the accompanying Memorandum Opinion, the Motion is denied.
NOTES
[1] Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research-U.S.A., Inc., the Tobacco Institute, Inc., and The Liggett Group, Inc.
[2] The Complaint originally contained four claims under three statutes. On September 28, 2000, the Court dismissed Count One (pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651, et seq.) and Count Two (pursuant to the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(B)(ii) & (iii)). See United States v. Philip Morris, 116 F.Supp.2d 131 (D.D.C.2000).