**UNITED STATES of America,**
**Plaintiff,**

v.

**PHILIP MORRIS USA, INC.**
**f/k/a Philip Morris, Inc.**
**et al.   Defendants.**

No.  CIV.A.99–2496 GK.

United States District Court,
District of Columbia.

July 9, 2004.

Sharon Yvette Eubanks, Renee Brooker, Stephen Dudley Brody, U.S. Department of Justice, Washington, DC, for Plaintiff.

Alfred McDonnell, Arnold & Porter, Denver, CO, Amy L. McGinnis, Amy Elizabeth Ralph, Anne McBride Walker, Brian K. Esser, Duane J. Mauney, Floyd E. Boone, Jr., James Miller Rosenthal, Jeanna Maria Beck, Jonathan Louis Stern, Kendall Millard, Kevin M. Green, Leslie Wharton, Melissa L. Marglous, Michael R Geske, Murray R. Garnick, Nick Malhotra, Peter Thomas Grossi, Jr., Ryan David Guilds, Sharma Jnatel Simmons, Sharon L. Taylor, Stacy J. Pollock, Susan Louise Lyndrup, Arnold & Porter, Christopher J. Cullen, Jane E. Chang, Jay L. Levine, Matthew Campbell, Robert M. Rader, Thomas M. Stimson, Timothy M. Broas, Winston & Strawn LLP, Geoffrey T. Wright, Jonathan Redgrave, Patrick L. Hubbard, Paul Sommer Ryerson, Peter John Biersteker, Robert Francis McDermott, Jr., Karen O'Brien Hourigan, Jones Day, John Buchanan Williams, William M. Bailey, Collier Shannon Scott, PLLC, David Mendelson, Dawn D. Marchant, Karen McCartan DeSantis, Kenneth N. Bass, Kirkland & Ellis LLP, Rebecca I. Ruby, Goodwin Proctor, LLP, William Charles Hendricks, III, King & Spalding, Edward Craig Schmidt, Matthew David Schwartz, Thompson Coburn, LLP, Fred W. Reinke, Clifford Chance US, LLP, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Lawrence Saul Robbins, Roy T. Englert, Jr., Robbins, Russell, Englert, Orseck & Untereiner, William Salvatore D'Amico, Chadbourne & Parke, Bruce G. Merritt, Judah Best, Kevin C. Lombardi, Steven Klugman, Debevoise & Plimpton, Clausen Jr. Ely, James Alexander Goold, Joseph A. Kresse, Keith Allen Teel, Covington & Burling, Washington, DC, Anastasia G. Weis, Bradley E. Lerman, Dan K. Webb, Elizabeth D. Jensen, Jeffrey Wagner, Kevin J. Narko, Luke A. Palese, Ricardo E. Ugarte, Thomas J. Frederick, Winston & Strawn, David M. Bernick, Douglas G. Smith, Michelle H. Browdy, Stephen R. Patton, Steven D. McCormick, Kirkland & Ellis, Chicago, IL, Ashley Cummings, Hunton & Williams, Dan H. Willoughby, Leign Ann Dowden, King & Spalding, Atlanta, GA, Ben M. Germana, Herbert M. Wachtell, Jeffrey M. Wintner, Steven M. Barna, Wachtell, Lipton, Rosen & Katz, C. Ian Anderson, Guy Miller Struve, Davis, Polk & Wardwell, James Lewis Brochin, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, Lauren J. Bernstein, Winston & Strawn, Harold K. Gordon, Jones, Day, Reavis & Pogue, Aaron H. Marks, Daniel R. Benson, Julie R. Fischer, Leonard A. Feiwus, Marc E. Kasowitz, Nancy E. Straub, Kasowitz, Benson, Torres Friedman, L.L.P., Demetra Frawley, Mary Elizabeth McGarry, Michael V. Corrigan, Simpson Thacher & Bartlett, Bruce G. Sheffler, David L. Wallace, F. John Nyhan, Garyowen P. Morrisroe, Jessica L. Zellner, Timothy M. Hughes, Lawrence Edward Savell, Chadbouren & Parke, LLP, David Runtz, Dennis H. Hranitzky, Joseph P. Moodhe, Steven S. Michaels, Debevoise & Plimpton LLP, New York, NY, Cindy L. Gantnier, Erik D. Nadolink, Patricia M. Schwarzschild, Richard H. Burton, Cheryl Grissom Ragsdale, Christy L. Henderson, Michele B. Scarponi, Jason T. Jacoby, Hunton & Williams, Richmond, VA, Daniel C. Jordan, Hunton & Williams, McLean, VA, Seth Barrett Tillman, U.S. Courthouse, Chambers of Judge William J. Martini, Newark, NJ, Bruce D. Ryder, J. William Newbold, James M. Cox, Michael B. Minton, Richard Paul Cassetta, Thompson & Coburn LLP, St. Louis, MO, David B. Alden, Paul Crist, Randal S. Baringer, Robert C. Weber, Jones, Day, Reavis & Pogue, Cleveland, OH, Elizabeth P. Kessler, Ivan C. Smith, Scott C. Walker, Jones, Day, Reavis & Pogue, Columbus, OH, Lisa M. Sheppard, Womble, Carlyle,

Sandridge & Rice, PLLC, Winston–Salem, NC, Nicholas N. Nierengarten, Gray, Plant, Mooty, Mooty & Bennett, PA., Minneapolis, MN, Paul Lamont McDonald, Philadelphia, PA, Paige Q. Szajnuk, Thomas A. Duncan, Shook, Hardy & Bacon, Kansas City, MO, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore, MD, for Defendants.

Arnon D. Siegel, Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, for Defendant and Intervenor.

Steven D. Gordon, Holland & Knight, L.L.P., Kate Cumming Beardsley, Buc & Beardsley, Stephen Printiss Murphy, Reed Smith, Stephen Paul Mahinka, Morgan, Lewis & Bockius, L.L.P., Washington, DC, for Intervenors.

## *MEMORANDUM OPINION*

KESSLER, District Judge.

This matter is now before the Court on Defendants' Motion for Partial Summary Judgment on Claims That Defendants Suppressed the Development of Potentially Less Hazardous Cigarettes ("Motion"). Upon consideration of the Motion, the Government's Opposition, the Reply, and the entire record herein, and for the reasons stated below, the Motion is **denied**.

## I. BACKGROUND

Plaintiff, the United States of America (the "Government"), has brought this suit against the Defendants [1] pursuant to Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. § 1961, *et seq.* [2] Defendants are manufacturers of cigarettes and other tobacco-related entities. The Government seeks injunctive relief and billions of dollars for what it alleges to be Defendants' unlawful conspiracy to deceive the American public. The Government's Amended Complaint describes a four-decade long conspiracy, dating from at least 1953, to intentionally and willfully deceive and mislead the American public about, among other things, the harmful nature of tobacco products, the addictive nature of nicotine, and the possibility of manufacturing safer and less addictive tobacco products. Amended Complaint ("Am.Compl.") at ¶ 3.

## II. ANALYSIS

■■■ RICO prohibits entities from engaging in racketeering activity associated with an enterprise. To prove the alleged RICO violations, the Government must show: (1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." *Salinas v. United States*, 522 U.S. 52, 62, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997). Racketeering activity includes, among other things, acts prohibited by any one of a number of enumerated criminal statutes. 18 U.S.C. § 1961(1). A "pattern" is demonstrated by two or more instances of "racketeering activity" that occur within 10 years of one another. 18 U.S.C. § 1961(5). In this case, the racketeering acts relied on by the Government are alleged to be violations of 18 U.S.C.

---

**1.** Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research–U.S.A., Inc., The Tobacco Institute, Inc., and The Liggett Group, Inc.

**2.** The Complaint originally contained four claims under three statutes. On September 28, 2000, the Court dismissed Count One (pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651, *et seq.*) and Count Two (pursuant to the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(B) (ii) & (iii)). *See United States v. Philip Morris*, 116 F.Supp.2d 131 (D.D.C.2000).

§§ 1341 (mail fraud) and 1343 (wire fraud). To demonstrate mail fraud or wire fraud, the Government must prove: (1) a scheme to defraud and (2) use of mails or interstate wire communications to further that scheme. *United States v. Winstead*, 74 F.3d 1313, 1317 (D.C.Cir.1996).

■ In the present Motion, Defendants seek partial summary judgment on the claims that they engaged in a "concerted plan not to make cigarettes less hazardous" through acts of mail and wire fraud. *See* Motion, at 1. First, Defendants argue that such claims must fail in light of the Government's own policy "that a safe cigarette cannot be developed," a policy which Defendants claim has undermined their efforts to develop and market such safer products. *Id.* at 14. Second, Defendants argue that these claims fail to establish a *prima facie* violation of the mail and wire fraud statutes because the Government has not shown a "scheme to defraud" with respect to less hazardous cigarettes or, if it has, has not shown how the purpose of any such scheme is to deprive a person of money or property. *See id.* at 16. Finally, Defendants argue that the equitable doctrines of unclean hands and *in pari delicto* bar the Government's pursuit of these claims because it has acted in bad faith with respect to the development and endorsement of less hazardous cigarettes. *Id.* at 13.[3]

In turn, the Government responds that Defendants' present Motion incorrectly treats the suppression of less hazardous cigarettes as an independent and freestanding scheme when, in fact, it is only a component of the overarching scheme to preserve and expand the market for cigarettes, maximize profits, and avoid adverse litigation verdicts. *See* Govt's Opp'n., at 3–4. For this reason, the Government argues that it is not required to prove that there were specific mailings and wire transmissions in furtherance of the scheme to suppress the development of less hazardous cigarettes. *See id.* at 13. Finally, the Government argues that the defenses of unclean hands and *in pari delicto* cannot be asserted against the United States in these circumstances. *Id.* at 23.

## A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a summary judgment motion, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C.Cir.1989).

---

**3.** In Order # 476 and its accompanying Memorandum Opinion, the Court granted the Government's motion for summary judgment on several of Defendants' affirmative equitable defenses, including unclean hands and *in pari delicto*. The Court held "[w]hen, as here, the Government acts in the public interest, the unclean hands doctrine is unavailable as a matter of law." Mem. Op. to Order # 476, at 24. In addition, the Court found that the affirmative defense of *in pari delicto* was equally unavailable because there was no evidence the Government had "violated the law in cooperation with the Defendants." *Id.* at 26. Because such affirmative defenses are no longer available to Defendants, the Court need not address them here.

Additionally, "if the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is improper." *Greenberg v. FDA,* 803 F.2d 1213, 1216 (D.C.Cir. 1986). At the summary judgment stage, "the court is not to make credibility determinations or weigh the evidence." *Dunaway v. Int'l Brotherhood of Teamsters,* 310 F.3d 758, 761 (D.C.Cir.2002).

**B. There Are Material Facts in Dispute About Whether Defendants Suppressed the Development and Marketing of Less Hazardous Cigarettes**

The Government disputes almost every factual assertion contained in Defendants'. Motion.

First, the Government challenges Defendants' claim that their efforts to develop and market potentially less hazardous cigarettes were thwarted by a Governmental policy aimed at eradicating smoking rather than encouraging consumers to try "safer" cigarettes. *See* Govt's Opp'n., at 4. The Government argues that Defendants' efforts to develop and market these products were not in earnest. In particular, the Government asserts that Defendants considered the research or marketing of a cigarette acknowledged to be less harmful to be an implicit admission that other cigarettes were more hazardous. *Id.* at 6. For that reason, Defendants' continuing public denials of harms from smoking precluded them from incorporating design features or processes which would reduce the hazards of smoking. *Id.* at 8. Thus, the Gov-

ernment asserts that it was the Defendants' fraudulent scheme, rather than Governmental policy considerations, which suppressed the development of less hazardous cigarettes.

Second, the Government argues that it has, contrary to Defendants' assertions, made its *prima facie* case for mail and wire fraud. *Id.* at 13. The Government claims that there is substantial evidence of Defendants' single overarching scheme to defraud and that the allegations concerning suppression of development of less hazardous cigarettes are simply one component of that comprehensive scheme to defraud the American public. *Id.* The Government emphasizes that Defendants' conduct relating to less hazardous cigarettes served the Enterprise's central goal of defrauding consumers of the purchase price of cigarettes in order to sustain and expand the market for cigarettes and to maximize profits. *Id.* at 16. Thus, the Government argues, the racketeering acts which it alleges are evidence of the entire scheme to defraud.

The foregoing recitation of the parties' positions makes it eminently clear that there are numerous disputes about material facts, and about the inferences and interpretations to be drawn from those facts, which can only be resolved at trial. Moreover, a determination of the context and sufficiency of the allegations in this Motion must be based on the totality of the evidence.[4] Consequently, summary judgment is inappropriate.[5]

---

4.  *See United States v. Reid,* 533 F.2d 1255, 1260 n. 19 (D.C.Cir.1976); *United States v. Diggs,* 613 F.2d 988, 1002–03 (D.C.Cir.1979); *United States v. Godwin,* 272 F.3d 659, 666–67 (4th Cir.2001).

5.  Courts have traditionally held that questions of credibility, motive, and intent, particularly

fraudulent motive and intent, are ill-suited for summary judgment and are best left to "be resolved by the fact finder after a trial." *Citizens Bank of Clearwater v. Hunt,* 927 F.2d 707, 711 (2d Cir.1991); *See Greenberg, supra; ABB Daimler—Benz Transport. (N. Amer.), Inc. v. Nat'l RR Passenger Corp.,* 14 F.Supp.2d 75, 86 (D.D.C.1998).

## IV.  CONCLUSION

For all the foregoing reasons, Defendants are not entitled to partial summary judgment on claims that they suppressed the development of potentially less hazardous cigarettes, and their Motion is **denied**.

An **Order** will accompany this opinion.

### ORDER # 589

This matter is now before the Court on Defendants' Motion for Partial Summary Judgment on Claims That Defendants Suppressed the Development of Potentially Less Hazardous Cigarettes ("Motion"). Upon consideration of the Motion, the Government's Opposition, the Reply, and the entire record herein, and for the reasons set forth in the accompanying Memorandum Opinion, the Motion is **denied**.